IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MASSACHUSETTS

2003 DEC -8 P 12:18

Civil Action No.

MAGISTRATE JUDGE Alexander

**ROBERT MUIR**, *Plaintiff*

Vs.

**03 12470 MLW**

CITY OF ATTLEBORO, THE ATTLEBORO
POLICE DEPARTMENT, CHIEF RICHARD PIERCE,
in his official and individual capacities, LT. GEORGE
BUSSIERE, in his official and individual capacity,
OFFICER MICHAEL MCDONNELL, in his official and
individual capacity, OFFICER THOMAS WELLMAN,
in his official and individual capacity, *Defendants*

**COMPLAINT**

RECEIPT # 52982
AMOUNT $ 150
SUMMONS ISSUED 6
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 12-8-03

## Jurisdiction

1. Plaintiff is a resident of the State of Rhode Island.

2. Defendant, City of Attleboro, is a municipality within the Commonwealth of Massachusetts.

3. Defendant, Attleboro Police Department, is an agency of the City of Attleboro.

4. Defendant Chief Richard Pierce is the Chief of the Attleboro Police Department and a resident of the Commonwealth of Massachusetts.

5. Lieutenant George Bussiere is a lieutenant of the Attleboro Police Department and a resident of the Commonwealth of Massachusetts.

6. Officer Michael McDonnell is an officer of the Attleboro Police Department and a resident of the Commonwealth of Massachusetts.

7. Officer Thomas Wellman is an officer of the Attleboro Police Department and a resident of the Commonwealth of Massachusetts.

## Count I

## MALICIOUS PROSECUTION

8. Plaintiff is a retired Providence police officer and was a teacher at the Studley School in the City of Attleboro on or about January 6, 2003.

9. Plaintiff broke up a school yard fight involving Michael McDonnell, II and another child on January 6, 2003.

10. Michael McDonnell, II is the son of Attleboro Police Department Officer Michael McDonnell.

11. As Plaintiff separated the two boys, Michael McDonnell, II continued to fight.

12. Plaintiff lawfully restrained Michael McDonnell, II by placing his arm behind his back and walking him to the principal's office.

13. Plaintiff received a telephone call from Officer Michael McDonnell after bringing the children to the principal's office.

14. Plaintiff asked Officer Michael McDonnell to come to the school to discuss the incident.

15. Officer Michael McDonnell refused to come to the school and responded that he "intended to send the cops instead".

16. Officer Michael McDonnell of the Attleboro Police Department dispatched Officer Thomas Wellman, also of the Attleboro Police Department, to the Studley School.

17. Upon arrival to the Studley School, Officer Wellman spoke briefly with plaintiff and principal, Sylvia Day, and informed plaintiff that there would be some type of court action as the father, Officer Michael McDonnell, wanted plaintiff charged with Assault and Battery.

18. Lt. George Bussiere issued a criminal summons charging the plaintiff with assault and battery, MGL Ch. 265 § 13A on January 13, 2003.

19. The Commonwealth of Massachusetts Department of Education conducted its investigation of the incident and concluded that plaintiff had not violated any education law, regulation or policy.

20. The Department of Education further found no unreasonable physical restraint was used on Michael McDonnell, II by the plaintiff.

21. According to the Department of Education, the restraint was necessary and short lived (not lasting longer than 5 minutes) and did not result in any injury requiring medical attention to Michael McDonnell, II.

22. The Department of Education further reported that the restraint upon Mr. McDonnell, II was appropriate because plaintiff believed that Mr. McDonnell, II might hurt himself or others.

23. The Department of Education reported its findings to Officer Michael McDonnell of the Attleboro Police Department on April 4, 2003.

24. Criminal proceedings against plaintiff by defendants were continued with malice on May 5, 2003.

25. Plaintiff was summoned before a magistrate in the Attleboro District Court on May 5, 2003 on charges of assault and battery.

26. The magistrate denied the complaint and cited insufficient evidence had been presented.

27. Defendants, and each of them, acted maliciously and without probable cause in commencing and maintaining criminal proceedings by intending to harass, annoy, humiliate, embarrass and injure plaintiff.

28. Defendants and their agents were negligent in investigating the facts of the case.

29. Defendants failed to exercise independent judgment and reasonable care by failing to seek an objective investigation by another local law enforcement agency, considering the incident involved an Attleboro Police officer's child.

30. Defendants did not act in good faith and upon probable cause in bringing and maintaining criminal proceeds against the plaintiff.

31. As an actual, legal and proximate result of the foregoing, plaintiff suffered general damage, loss of earning capacity, wages, benefits, medical expenses and damage to his reputation.

***WHEREFORE***, the plaintiff requests this Honorable Court to enter judgment against the defendants and award damages in an amount to be determined at trial. Plaintiff further requests an award for interest, costs, and attorneys fees.

### Count II

### ABUSE OF PROCESS

32. Plaintiff realleges and reavers the allegations contained in paragraphs one through thirty-one.

33. Defendants charged plaintiff with assault and battery intending to harass, annoy, humiliate embarrass and injure plaintiff instead for the purpose of seeking justice.

34. Defendants knew or had reason to know that the charge against plaintiff for assault and battery was groundless.

35. Defendants knew that there was no probable cause for the prosecution and acted with an improper motive.

36. Defendants, with knowledge of the findings of the Department of Education exonerating plaintiff, continued and maintained the criminal prosecution against the plaintiff.

37. Defendants intentionally exaggerated the gravity of the situation in order to ensure the prosecution of the plaintiff.

38. As an actual, legal and proximate result of the foregoing, plaintiff suffered general damage, loss of earning capacity, wages, benefits, medical expenses and damage to his reputation.

**WHEREFORE**, the plaintiff requests this Honorable Court to enter judgment against the defendants and award damages in an amount to be determined at trial. Plaintiff further requests an award for interest, costs, and attorneys fees.

## Count III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff realleges and reavers the allegations contained in paragraphs one through thirty-eight.

40. Defendants, and each of them, engaged in outrageous, unprivileged, unscrupulous conduct with the intention of causing, or with reckless disregard of the probably of causing emotional distress.

41. Plaintiff suffered severe emotional distress as a direct result of the actions and orders of the defendants, and their agents.

42. Defendants, and each of them, maliciously initiated and maintained criminal proceedings against the plaintiff.

43. As a proximate result of such outrageous conduct plaintiff suffered severe emotional distress.

**WHEREFORE**, the plaintiff requests this Honorable Court to enter judgment against the defendants and award damages in an amount to be determined at trial. Plaintiff further requests an award for interest, costs, and attorneys fees.

## Count IV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff realleges and reavers the allegations contained in paragraphs one through forty-three.

45. Defendants, and each of them, engaged in negligent conduct with causing, or with reckless disregard of the probably of causing emotional distress.

46. Plaintiff suffered severe emotional distress as a direct result of the actions and orders of the defendants, and their agents.

47. Defendants, and each of them, maliciously initiated and maintained criminal proceedings against the plaintiff.

48. As a proximate result of such negligent conduct plaintiff suffered severe emotional distress.

*WHEREFORE*, the plaintiff requests this Honorable Court to enter judgment against the defendants and award damages in an amount to be determined at trial. Plaintiff further requests an award for interest, costs, and attorneys fees.

## Count V

## NEGLIGENCE

49. Plaintiff realleges and reavers the allegations contained in paragraphs one through forty-eight.

50. Defendants had a duty to investigate the facts in accordance with lawful investigative procedure and technique and to exercise independent judgment and reasonable care for the protection of citizens.

51. Defendants breached their duty of care by failing to conduct a fair investigation and failing to seek an independent law enforcement investigator ( state police or other local police department).

52. As an actual, legal and proximate result of the foregoing, plaintiff suffered general damage, loss of earning capacity, wages, benefits, medical expenses and damage to his reputation.

**WHEREFORE**, the plaintiff requests this Honorable Court to enter judgment against the defendants and award damages in an amount to be determined at trial. Plaintiff further requests an award for interest, costs, and attorneys fees.

## Count VI

### NEGLIGENT SUPERVISION AND TRAINING

53. Plaintiff realleges and reavers the allegations contained in paragraphs one through fifty-two.

54. Defendants and their agents were negligent in failing to conduct a threshold investigation prior to informing plaintiff that criminal proceedings were to be brought against him.

55. Defendants and their agents were negligent in failing to conduct an objective investigation in that defendants should have sought an independent investigator (state police or other local police department).

56. Defendants and their agents were negligent in investigating the facts of the case and failed to exercise reasonable care for the protection of citizens by the selection, training, and supervision of its police personnel.

57. As an actual, legal and proximate result of the foregoing, plaintiff suffered general damage, loss of earning capacity, wages, benefits, medical expenses and damage to his reputation.

7

***WHEREFORE***, the plaintiff requests this Honorable Court to enter judgment against the defendants and award damages in an amount to be determined at trial. Plaintiff further requests an award for interest, costs, and attorneys fees.

### Count VII

### MASSACHUSETTS CIVIL RIGHTS ACT - M.G.L. c. 12 §§ 11H, 11I

58. Plaintiff realleges and reavers the allegations contained in paragraphs one through fifty-seven.

59. Defendants and their agents interfered by threats, intimidation and/or coercion and/or attempted to interfere with plaintiff's exercise or enjoyment of rights secured by the Constitution and laws of the United States or of rights secured by the Constitution or laws of the Commonwealth.

60. Defendants' conduct was unlawful in light of clearly established law and information that the defendants possessed at the time of their unlawful conduct.

61. As an actual, legal and proximate result of the foregoing, plaintiff suffered general damage, loss of earning capacity, wages, benefits, medical expenses and damage to his reputation.

***WHEREFORE***, the plaintiff requests this Honorable Court to enter judgment against the defendants and award compensatory and punitive damages in an amount to be determined at trial. Plaintiff further requests an award for interest, costs, and attorneys fees.

### Count VIII

### 42 U.S.C. § 1983

62. Plaintiff realleges and reavers the allegations contained in paragraphs one through sixty-one.

63. Defendants interfered by threats, intimidation and/or coercion and/or attempted to interfere with plaintiff's exercise or enjoyment of rights secured by the Constitution and laws of the United States.

64. Defendants' conduct was unlawful in light of clearly established law and information that the defendants possessed at the time of their unlawful conduct.

65. As an actual, legal and proximate result of the foregoing, plaintiff suffered general damage, loss of earning capacity, wages, benefits, medical expenses and damage to his reputation.

**WHEREFORE**, the plaintiff requests this Honorable Court to enter judgment against the defendants and award compensatory and punitive damages in an amount to be determined at trial. Plaintiff further requests an award for interest, costs, and attorneys fees.

Plaintiff demands a trial by jury on all counts.

Robert Muir
By his Attorneys

Cristina Azzinaro, Esq.
275 Martine Street, Suite 206
Fall River, MA 02723
Tel. (508) 837-6464
BBO No. 653 953

Brenda L. Panaggio, Esq.
Law Office Of Donnelly & Panaggio
275 Martine Street, Suite 206
Fall River, MA 02723
Tel. (508) 679-2295
BBO 754 602