UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT MUIR<br><br>    Plaintiff<br><br>v.<br><br>CITY OF ATTLEBORO, THE ATTLEBORO POLICE DEPARTMENT, CHIEF RICHARD PIERCE, in his official and individual capacities, LT. GEORGE BUSSIERE, in his official and individual capacity, OFFICER MICHAEL MCDONNELL in his official and individual Capacity, OFFICER THOMAS WELLMAN, in his official and individual capacity<br><br>    Defendants | CIVIL ACTION No.<br>03 12470-MLW |

### ANSWER OF DEFENDANT MICHAEL MCDONNELL

Now comes the defendant, Michael McDonnell (hereinafter referred to as "McDonnell"), and for answer states the following:

#### JURISDICTION

1. Defendant McDonnell has no knowledge of the allegation in paragraph one so can neither admit or deny the same.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

## COUNT ONE
## MALICIOUS PROSECUTION

8. Defendant McDonnell admits that plaintiff was a teacher at the Studley School, but has no knowledge of any other allegation in paragraph eight and can neither admit or deny the same.

9. Defendant McDonnell has no knowledge of the allegation contained in paragraph nine and can neither admit or deny the same.

10. Defendant McDonnell admits that he has a son named Michael McDonnell who at the time of the altercation with the plaintiff was twelve (12) years old and weighed approximately eighty (80) pounds.

11. Defendant McDonnell has no knowledge of the same and can neither admit or deny the same.

12. Defendant McDonnell has no knowledge of the same and can neither admit or deny the same.

13. Admit.

14. Admit.

15. Defendant McDonnell told the plaintiff that he was on duty and did not feel that he should get involved at that point because of his son, but said he would send the officer assigned to that sector of the city.

16. Defendant McDonnell contacted the sector patrol officer, Thomas Wellman, and advised him to go to the scene and make his own judgment about the event. He further advised Officer Wellman to complete an incident report.

17. Defendant McDonnell has no knowledge of what Officer Wellman did when he arrived at the school so can neither admit or deny the same. Defendant McDonnell denies that he told Wellman to charge plaintiff with a crime. Defendant McDonnell told Wellman to do his own investigation and make his own judgment as to how to proceed.

18. Defendant McDonnell has no knowledge of the allegation contained in paragraph nine and can neither admit or deny the same.

19. Defendant McDonnell has no knowledge of the same and can neither admit or deny the same.

20. Defendant McDonnell has no knowledge of the same and can neither admit or deny the same.

21. Defendant McDonnell has no knowledge of the same and can neither admit or deny the same.

22. Defendant McDonnell has no knowledge of the same and can neither admit or deny the same.

23. Admit.

24. Denied.

25. Admit.

26. Defendant McDonnell admits that the complaint was not issued but has no knowledge of any alleged reasons for the dismissal.

27. Defendant McDonnell denies any malicious action of any sort and further states that he did not file any complaint against the plaintiff.

28. Defendant McDonnell denies any negligent action and for further answer states that he is immune from liability under M.G.L. ch. 258.

29. Defendant McDonnell denies any failure of any act he was required to do and further answers that he did not go to the school on the date in question because it was his child involved.

30. Denied.

31. Denied.

## COUNT II
## ABUSE OF PROCESS

32. Defendant McDonnell realleges and reavers the answers contained in paragraphs one through thirty-one.

33. Defendant McDonnell denies making any charge against the plaintiff.

34. Denied.

35. Denied.

36. Defendant McDonnell had nothing to do with the processing of the complaint.

37. Defendant McDonnell denies any intentional exaggeration to prosecute the plaintiff.

38. Denied.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Defendant McDonnell realleges and reavers the answers contained in paragraph one through thirty-eight.

40. Defendant McDonnell denies any outrageous conduct.

41. Defendant McDonnell has no knowledge of the same and can neither or deny the same.

42. Denied.

43. Denied.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

44. Defendant McDonnell realleges and reavers the answers contained in paragraphs one through forty-three.

45. Defendant McDonnell denies any negligent conduct and further states that even if he were negligent, he is immune from suit.

46. Denied.

47. Denied.

48. Denied.

## COUNT V
## NEGLIGENCE

49. Defendant McDonnell realleges and reavers the answers contained in paragraphs one through forty-seven.

50. Defendant McDonnell denies any negligent action and again states that he is immune from suit.

51. Defendant McDonnell denies any negligent action and again states that he is immune from suit.

52. Defendant McDonnell denies any negligent action and again states that he is immune from suit.

## COUNT VI
## NEGLIGENT SUPERVISION AND TRAINING

53-57. Defendant McDonnell denies any negligent conduct and again states that he is immune from suit for any negligent act.

## COUNT VII
## MASSACHUSETTS CIVIL RIGHTS ACT – M.G.L. ch. 12§§ 11H, 11I

58. Defendant McDonnell realleges and reavers the answers contained in paragraphs one through fifty-seven.

59. Denied.

60. Denied.

61. Denied.

## COUNT VIII
## 42 U.S.C. §1983

62. Defendant McDonnell realleges and reavers the answers contained in paragraphs one through sixty-one.

63. Denied.

64. Denied.

65. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim against the Defendant McDonnell upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant McDonnell states that the acts complained of by the Plaintiff occurred within the scope of the Defendant's authority as a police officer for the City of Attleboro.

### THIRD AFFIRMATIVE DEFENSE

The Defendant McDonnell states that the acts complained of occurred within the scope of the Defendant's duties as a police officer in the City of Attleboro for which he is absolutely immune in the performance of said acts in such capacity.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that the acts complained of occurred within the scope of the Defendant's official duties and that the Defendant McDonnell had no knowledge that said acts were illegal and/or unconstitutional nor were said acts a violation of the Plaintiff's rights at the time they were committed.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that at all times he acted in an objectively reasonable way under the circumstances, and in good faith, and asserts that he is qualifiedly immune from liability.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant McDonnell avers that with respect to some or all of those acts alleged against him, he was not acting under color of state law.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that the allegations set forth in the Complaint are wholly insubstantial, frivolous and not advanced in good faith against the Defendant McDonnell and that therefore the Defendant McDonnell is entitled to recover easonable counsel fees, costs and expenses incurred in defense of said allegations to the extent provided by law and by Federal Rule of Civil Procedure 11.

### EIGHTH AFFIRMATIVE DEFENSE

The claim is barred by the statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that he is immune from State Law claims of tort liability pursuant to M.G.L. ch. 258.

### TENTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that he was acting reasonably in good faith and was justified in his actions and conduct toward the plaintiff and therefore is not liable to the Plaintiff as alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that the actions alleged were made in the exercise of a discretionary function and/or were the result of discretionary decisions which were within the scope, authority and jurisdiction of the Defendant McDonnell in

his official capacity; and were made in good faith without malice and without corruption, wherefore the Plaintiff cannot recover against the Defendant McDonnell.

### TWELTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that he had an absolute privilege to take the actions complained of.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that he had a conditional privilege to take the actions complained of.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the defendant cannot be held vicariously liable for the acts of others.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that he did not engage in any outrageous abuses of official power or in any activity shocking to the conscience and therefore the plaintiff cannot recover under 42 U.S.C. § 1983 or under any constitutional provisions of the United States or the Commonwealth of Massachusetts.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that he acted in good faith and without malice and is immune from suit or recovery by the Plaintiff under 42 U.S.C. § 1983 and Massachusetts law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendant McDonnell states that at all relevant times he was performing discretionary functions in food faith and therefore he is immune from liability under M.G.L. ch. 258, ch. 12, and 42 U.S.C. § 1983.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or part by laches.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff is collaterally estopped from recovery.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery by res judicata.

### TWENTY FIRST AFFIRMATIVE DEFENSE

The Plaintiff consented to the actions of the Defendant.

### TWENTY SECOND AFFIRMATIVE DEFENSE

The Defendant McDonnell has taken no punitive or retaliatory actions against the Plaintiff.

### TWENTY THIRD AFFIRMATIVE DEFENSE

The Defendant McDonnell has not harassed, intimidated or ignored the Plaintiff.

Wherefore, the Defendant respectfully moves that the complaint be dismissed as to him and that he be awarded attorneys' fees and costs. Defendant demands his right to trial by jury on each count of the Complaint.

      Defendant McDonnell demands his right to trial by jury on each and every allegations of the plaintiff.

                                      Respectfully Submitted,

                                      MICHAEL MCDONNELL
                                      By his attorney,

                                      Gerard S. McAuliffe
                                      Law Office of Gerard S. McAuliffe
                                      43 Quincy Avenue
                                      Quincy, MA 02169
                                      (617) 471-0700
                                      BBO # 326740

Dated: February 6, 2004

## CERTIFICATE OF SERVICE

I, Gerard S. McAuliffe, hereby certify that I have on this 9th day of February, 2004 mailed a copy of the enclosed **Answer of Defendant Michael McDonnell** first class, postage prepaid to.

Christine Azzinaro, Esquire
275 Martine Street
Fall River, MA 02723

Brenda L. Panaggio, Esquire
275 Martine Street
Fall River, MA 02723

Gerard S. McAuliffe

Dated: February 9, 2004