UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 12470 MLW

————————————————————

ROBERT MUIR,                                                    )
      Plaintiff,                                            )
                           )
                           )
v.                                                              )
                           )
CITY OF ATTLEBORO, ATTLEBORO POLICE                            )
DEPARTMENT, CHIEF RICHARD PIERCE, in his                       )
official and individual capacities, LT. GEORGE                 )
BUSSIERE, in his official and individual capacities,           )
OFFICER MICHAEL McDONNELL, in his official and                 )
individual capacities, and OFFICER THOMAS                      )
WELLMAN, in his official and individual capacities,            )
      Defendants.                                        )
                           )

————————————————————

**MEMORANDUM IN SUPPORT OF DEFENDANTS' SPECIAL
MOTION TO DISMISS COUNTS I THROUGH VII OF
PLAINTIFF'S COMPLAINT UNDER M.G.L. Ch. 231, § 59H**

**I. INTRODUCTION**

This is an action in which the plaintiff, Robert Muir, seeks to recover from the

defendants, the City of Attleboro, the Attleboro Police Department ("APD") and four individual

APD employees (in both their official and individual capacities), under eight (8) state and

federal remedies. Plaintiff's claims against the defendants arise out of an application for a

criminal charge of assault and battery filed by the APD in Attleboro District Court on or about

January 13, 2003. In that application, the APD requested the Attleboro District Court to hold

a show cause hearing so that a Magistrate could determine whether a complaint of assault and

battery should issue against the plaintiff, Mr. Muir. On May 5, 2003, a Magistrate held the

show cause hearing in Attleboro District Court and, after taking the matter under advisement, denied APD's application. Thus, no criminal complaint was ever issued against the plaintiff.

The plaintiff now alleges the defendants acted maliciously and without probable cause in seeking a criminal charge against him. (Complaint, Paragraphs 27, 35 & 47). Moreover, the defendants' investigation, he alleges, was negligent (Id., Paragraphs 28, 45 & 51), not conducted in good faith (Id., Paragraph 30), and designed only to "harass, annoy, humiliate, embarrass and injure" the plaintiff. (Id., Paragraph 33).

The individual defendants named in plaintiff's Complaint are (1) Chief Richard Pierce; (2) Captain (formerly Lieutenant) George Bussiere; (3) Officer Michael McDonnell; and (4) Officer Thomas Wellman. The defendants, the City of Attleboro, the APD, Chief Pierce, Captain Bussiere, Officer McDonnell[1] and Officer Wellman,[2] deny that the application for criminal complaint filed against the plaintiff was meritless or otherwise advanced in bad faith. On the contrary, the defendants maintain that the application was the result of a thorough investigation which revealed that there was probable cause to believe that the plaintiff had engaged in a criminal act – i.e., he had committed an assault and battery upon Michael McDonnell II. The fact that a Magistrate of the Attleboro District Court did not concur does not conclusively mean there was insufficient evidence to issue a criminal complaint against the plaintiff.

---

[1] In his official capacity only.

[2] Undersigned counsel does not represent Officer McDonnell in his individual capacity, even though the rationale and arguments set forth herein apply equally to Officer McDonnell as an individual.

-2-

In Counts I through VII of his Complaint, the plaintiff sets forth various state law claims against the defendants based upon defendants' petitioning activities alone. Yet, the plaintiff cannot demonstrate that such activities were devoid of any factual support or any arguable basis in law. Therefore, the defendants are entitled to a dismissal of plaintiff's state law claims pursuant to M.G.L. c. 231, § 59H, the Massachusetts Anti-SLAPP Statute.

## II. BACKGROUND

On January 6, 2003, Officer Thomas Wellman was detailed to the Studley Elementary School in Attleboro to investigate a report of a teacher grabbing a student. Officer Michael McDonnell informed Officer Wellman of this incident and identified the student as his son, Michael McDonnell II. Officer Wellman's supervisor, Lt. Joseph Fitton, was present at the time and approved of this assignment. (Affidavit of Thomas F. Wellman, Paragraph 2).

On January 6, 2003, at approximately 4:00 p.m., Officer Wellman met with the plaintiff, Robert Muir, and Principal Sylvia Day at the Studley Elementary School. (Complaint, Paragraphs 16 & 17). The plaintiff was employed, at the time, as a teacher at Studley Elementary School. (Id., Paragraph 8). During this meeting, the plaintiff stated that earlier that afternoon, he exited the school building after observing a group of approximately 25-30 children behind the school engaged in an altercation. (Wellman Affidavit, Paragraph 3, and Exhibit "B" attached thereto). When he arrived on the scene, Mr. Muir saw Michael McDonnell II punching another boy, Patrick Marshall. The plaintiff admitted to Officer Wellman that he then grabbed the arm of Michael McDonnell II and walked him into the school. (Id.; Complaint, Paragraph 12). Ms. Day confirmed to Officer Wellman that she saw

Mr. Muir walking back to the school holding Michael McDonnell II's left arm. (Wellman Affidavit, Paragraph 3).

On January 7, 2003, at approximately 11:30 a.m., Jason McDonnell, brother of Michael McDonnell II, visited the Attleboro police station to complete a written statement. (Id., Paragraph 4). In that statement, Jason McDonnell reported that, when he picked up his brother at school on the previous day, Michael McDonnell II told him that a man (the plaintiff) "had pulled his arm up around his back with force." (Id., and Exhibit "A" attached thereto). Jason McDonnell further reported that he then spoke to the plaintiff who admitted pulling Michael McDonnell II's arm around to his back. When Jason McDonnell asked the plaintiff his name, the plaintiff stated "I am an X cop [and] I can do what I want." He then gave his name as "Bob Muir." (Id.)

On January 8, 2003, at approximately 3:00 p.m., Officer Wellman met with Michael McDonnell II and two other students, Nick Campbell and Miles Tingley, in the McDonnell home at 9 John Williams Street, Attleboro. Mrs. Lisa McDonnell was present for the meeting. The co-defendant, Officer Michael McDonnell, was not present. (Id., Paragraph 5). During this meeting, Michael McDonnell II described to Officer Wellman that, on January 6, 2003, while he was engaged in a fight with Patrick Marshall behind the Studley Elementary School, the plaintiff grabbed his left arm and placed it in the middle of his back. Michael McDonnell II further stated that he told the plaintiff to let him go, and that he was hurting him. (Id.) The plaintiff responded by telling Michael McDonnell II that he was an ex-cop for 20 years and he

-4-

would do what he wanted.[3]  Michael McDonnell II further stated to Officer Wellman that the plaintiff then walked him into the school.  (Id.)

During the January 8, 2003 meeting in the McDonnell home, the second student, Nick Campbell, admitted to Officer Wellman that he participated in the fight with Patrick Marshall on the afternoon of January 6, 2003, and that Michael McDonnell II had come to his aid.  (Id., Paragraph 6).  After the plaintiff broke up the fight, Nick Campbell observed the plaintiff walk Michael McDonnell II into the school while holding Michael's arm behind his back.  (Id.)  Also during the January 8, 2003 meeting, the third student, Miles Tingley, stated to Officer Wellman that he too observed the plaintiff holding Michael McDonnell II's arm behind his back and that Michael's face was red.  (Id., Paragraph 7).

Officer Wellman continued his investigation two days later (January 10, 2003) by speaking with Durell Blanchard, a 9th grade student at Attleboro High School.  (Id., Paragraph 8).  Mr. Blanchard denied to Officer Wellman that he was close to the altercation, but stated he also observed the plaintiff place Michael McDonnell II's arm behind his back and walk him into the school.  (Id.)  Officer Wellman then met with Patrick Marshall at the adjacent Brennan Middle School in Attleboro.  (Id., Paragraph 9).  Mr. Marshall informed Officer Wellman that he also observed the plaintiff grab Michael McDonnell II's arm, place it behind his back and walk him into the school.  Mr. Marshall further stated that, as he was leaving the area, the plaintiff ran back out, placed Mr. Marshall's arm behind his back and walked him into the

---

[3]  Plaintiff describes himself as a "retired Providence police officer."  (Complaint, Paragraph 8).

school as well. (Id.) According to Mr. Marshall, the plaintiff told him that he (the plaintiff) was an ex-police officer and that he had saved Mr. Marshall from being hurt. (Id.)

On or about January 13, 2003, Officer Wellman prepared a report detailing the results of his investigation. (Id., Paragraph 11, and Exhibit "B" attached thereto). Based on that investigation, including plaintiff's admissions,[4] the statement of Michael McDonnell II and the eyewitness statements of five witnesses,[5] Officer Wellman reasonably believed that the APD had probable cause to charge the plaintiff with assault and battery. (Id.) Accordingly, Officer Wellman completed an Application to the Attleboro District Court for a complaint of assault and battery, identifying Captain George Bussiere as the complainant, Robert Muir as the defendant, and Michael McDonnell II as the victim. (Id., Paragraph 12, and Exhibit "C" attached thereto). Despite his conclusion that probable cause indeed existed to charge the plaintiff, Officer Wellman did not, however, apply for a summons to issue against Mr. Muir. Rather, he requested the Court to hold a show cause hearing so that a Magistrate could make an independent determination on whether a complaint should issue. (Id.)

On May 5, 2003, the Attleboro District Court held a show cause hearing on the Application for a complaint against Mr. Muir. (Id., Paragraph 13). Officer Wellman did not attend the show cause hearing. In accordance with APD policy, Captain Bussiere attended

---

[4] Plaintiff admitted to Officer Wellman that he grabbed Michael McDonnell II's arm. He admitted the same to Michael's brother, Jason McDonnell. (See Exhibit "A" to Wellman Affidavit).

[5] The following individuals saw the plaintiff put Michael's arm behind his back and walk him into the school: Nick Campbell, Miles Tingley, Durell Blanchard and Patrick Marshall. Principal Day also saw the plaintiff holding Michael's left arm, although it was "straight out" at the time. (See Exhibit "B" to Wellman Affidavit).

instead as Police Prosecutor. Magistrate Creedon took the matter under advisement, then later denied the Application. (Id., Complaint, Paragraph 26).

Prior to the show cause hearing on May 5, 2003, Officer Wellman had no knowledge of any complaint filed against the plaintiff with the Massachusetts Department of Education.[6] Nor was he aware of a DOE investigation or of any findings issued or conclusions reached by the DOE. No one from the DOE ever contacted Officer Wellman to discuss the substance of his investigation, to testify at a DOE hearing, or to request a copy of his report. (Wellman Affidavit, Paragraph 14).

Officer Wellman handled his investigation of the January 6, 2003 incident in the same manner as he handles other investigations into citizen complaints. (Id., Paragraph 15). He did not give the victim special or preferential treatment because he knew his father or because the victim's father was an APD police officer. Officer Wellman's conclusion that probable cause existed to charge the plaintiff with assault and battery was based on the facts and information within his knowledge, as well as his training and experience as a police officer. (Id.)

---

[6] Plaintiff alleges he was cleared of any wrongdoing by the Massachusetts Department of Education. (Complaint, Paragraphs 19-22). This is so despite the fact that regulations promulgated by the DOE regarding the use of physical restraint on students state, in part, as follows:

> Physical restraint shall be used only in emergency situations, after other less intrusive alternatives have failed or been deemed inappropriate, and with extreme caution. School personnel shall use physical restraint with two goals in mind:
>
> (a) To administer a physical restraint only when needed to protect a student and/or a member of the school community from imminent, serious, physical harm; and
>
> (b) To prevent or minimize any harm to the student as a result of the use of physical restraint.

603 CMR § 46.01(3).

### III. PLAINTIFF'S COMPLAINT

The plaintiff's Complaint sounds in eight (8) Counts – seven Counts (I through VII) assert state remedies; one Count (VIII) asserts a federal remedy. In Counts I through VII, the plaintiff seeks recovery for malicious prosecution (Count I), abuse of process (Count II), intentional infliction of emotional distress (Count III), negligent infliction of emotional distress (Count IV), negligence (Count V), negligent supervision and training (Count VI), and for defendants' alleged violation of the Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H & 11I (Count VII). In Count VIII, the plaintiff seeks relief under 42 U.S.C. § 1983 for defendants' alleged interference with unidentified "rights secured by the Constitution and laws of the United States." (Complaint, Paragraph 63).

Because plaintiff's state law claims – Counts I through VII – are all based on defendants' petitioning activities, they should be dismissed by this Court pursuant to the Massachusetts Anti-SLAPP Statute.

### IV. ARGUMENT

#### A. Plaintiff's State Law Claims are Based on Defendants' Petitioning Activities.

In 1994, Massachusetts adopted the Anti-SLAPP ("Strategic Litigation Against Public Participation") Statute. M.G.L. c. 231, § 59H. The Statute reads in part as follows:

> In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right to petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss.

A party's "exercise of its right to petition" is broadly defined as:

-8-

> [A]ny written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.

M.G.L. c. 231, § 59H.

In adopting the Anti-SLAPP Statute, the Massachusetts Legislature "intended to enact very broad protection for petitioning activities . . .." Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 161 (1998); McLaron v. Jokisch, 431 Mass. 343, 347 (2000); MacDonald v. Paton, 57 Mass. App. Ct. 290, 291 (2003); Milford Power Ltd. Partnership v. New England Power Co., 918 F. Supp. 417, 489 (D. Mass. 1996). To invoke this broad protection, the moving party, on a special motion to dismiss, must show that the claims against him are based on petitioning activities alone "and have no substantial basis other than or in addition to its petitioning activities." Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002). Motive behind the petitioning activity is irrelevant. "The focus solely is on the conduct complained of, and, if the *only* conduct complained of is petitioning activity, then there can be no other 'substantial basis' for the claim." Id., quoting Duracraft Corp., supra, 427 Mass. at 524 (emphasis in original.)[7]

---

[7] Plaintiff may argue that the Massachusetts Anti-SLAPP Statute cannot be enforced in federal court. See Stuborn Ltd. Partnership v. Bernstein, 245 F. Supp. 2d 312, 316 (D. Mass. 2003). Such an argument, however, must be rejected for several reasons. First, the Stuborn case was a diversity action; this case is not. Second, although the First Circuit has not yet decided whether the Anti-SLAPP Statute is a state procedural rule inapplicable in a diversity proceeding, the Ninth Circuit has expressly held otherwise. See United States v. Lockheed Missiles & Space Co.,

Plaintiff's state law claims against the defendants are based solely on defendants' petitioning activities. In his Complaint, plaintiff alleges that the defendants "issued a criminal summons" against him (Complaint, Paragraph 18); "summoned" him before a magistrate (Id., Paragraphs 25); and "acted maliciously and without probable cause in commencing and maintaining criminal proceedings" against him. (Id., Paragraph 27). Specifically, Officer Wellman wrote a formal police report (Wellman Affidavit, Exhibit "B"), and completed an application for a criminal complaint which was then signed by Captain Bussiere. (Id., Exhibit "C.") By virtue of these documents, the defendants, plaintiff claims, "maliciously initiated and maintained criminal proceedings" against him. (Complaint, Paragraphs 42 & 47).

Petitioning activity includes "any written or oral statement made before or submitted to a legislative, executive or judicial body . . .." M.G.L. c. 231, § 59H. It also includes "any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body . . .." Id. The thrust of plaintiff's case is that he was an "innocent man" whom the defendants attempted to charge with a crime. Defendants' activities involved the investigation of a complaint, the completion of a report for Police Department records, and the Police Department's subsequent application to the Attleboro District Court for the issuance

---

190 F.3d 963, 970-73 (9th Cir. 1999), cert. den, 120 S.Ct. 2196 (2000). The Ninth Circuit was recently followed in Buckley v. DIRECTV, Inc., __ F. Supp. 2d __, 2003 WL 21955876 (N.D. Ga. 2003). Third, the Massachusetts Anti-SLAPP Statute is not merely a procedural mechanism. The Statute, "on its face alters procedural and substantive law in a sweeping way . . ." by creating an "immunity" from liability to those engaged in petitioning activity. Duracraft Corp., supra, 427 Mass. at 167. Thus, the Anti-SLAPP Statute is part of the substantive law of Massachusetts. See "Motive Restrictions on Court Access: A First Amendment Challenge," 61 Ohio St. L.J. 665, 692 (2000) ("Most anti-SLAPP statutes protect defendants through extension of a form of statutory petitioning immunity. In other words, the laws create an absolute or qualified immunity to suits based on the exercise of a person's petitioning right.") (citations omitted).

of a criminal complaint against the plaintiff on a charge of assault and battery. Clearly, plaintiff's claims against the defendants are based on defendants' petitioning activities alone "and have no substantial basis other than or in addition to its petitioning activities." As a result, defendants are protected under the Anti-SLAPP Statute. <u>Office One</u>, <u>supra</u>, 437 Mass. at 122.

## B. Plaintiff Cannot Show That Defendants' Activities are "Devoid of Any Reasonable Factual Support or Any Arguable Basis in Law."

Once the moving party shows that plaintiff's claims are based on his petitioning activities, the burden shifts to the plaintiff to demonstrate, by a preponderance of the evidence, that the defendant's activity is "devoid of any reasonable factual support or any arguable basis in law." <u>Donovan v. Gardner</u>, 50 Mass. App. Ct. 595, 599 (2000), quoting <u>Duracraft Corp.</u>, <u>supra</u>, 427 Mass. at 165. See <u>Baker v. Parsons</u>, 434 Mass. 543, 544 & 551-52 (2001). This the plaintiff cannot do.

Prosecution on a charge of assault and battery requires proof of an intentional and unjustified use of force upon the person of another, however slight. M.G.L. c. 265, § 13A. The investigation conducted by Officer Wellman revealed sufficient evidence of such an unlawful touching by the plaintiff.

The fact that the Magistrate did not issue a criminal complaint does not alter the fact that the APD had probable cause to apply for one in the first place. "Probable cause exists if 'the facts and circumstances within [a police officer's] knowledge and of which [the officer] had reasonably trustworthy information [are] sufficient in themselves to warrant [a person] of reasonable caution' to believe that a crime has been committed or is being committed." <u>Alexis</u>

v. MacDonald's Restaurants, 67 F.3d 341 (1ˢᵗ Cir. 1995), quoting Carroll v. United States, 267 U.S. 132, 162 (1925). The APD clearly had such information.

Recently, an Associate Justice of the Massachusetts Superior Court allowed a special motion to dismiss under similar circumstances. Hashem v. Filene's, Inc., 2003 WL 22049513 (May 23, 2003),[8] involved an action for negligent investigation, malicious prosecution, false imprisonment, slander and conversion brought against Filene's and another jewelry retailer by an individual falsely accused of receiving stolen property. After he was acquitted of the charge, the plaintiff sought recovery against his accusers for emotional distress and other damages. However, on the retailer's special motion to dismiss brought under Chapter 231, Section 59H, the Superior Court entered judgment in favor of both defendants on all counts. According to the Court, defendants' investigation and reporting of plaintiff's conduct to law enforcement officials constituted "petitioning activity" within the meaning of the Statute. Moreover, the defendants acted on "reasonable and factual information." Plaintiff's not guilty verdict did not, ruled the Court, "convert a reasonable investigation into a negligent or fabricated one." Moreover, the Court noted that "statements made to police or prosecutors prior to trial are absolutely privileged if they are made in the context of a proposed judicial proceeding." Id., at *6, quoting Correllas v. Viveiros, 410 Mass. 314, 322-23 (1991).[9]

The fact that the individual defendants in this case are law enforcement officials should not change the outcome of a special motion to dismiss. Defendants' investigation, report and

---

[8] A copy of the Hashem decision is attached hereto.

[9] This is so even if the statements were uttered with malice or in bad faith. Correllas, supra, 410 Mass. at 319.

application for a criminal complaint constitute petitioning activities. The Magistrate's subsequent denial of the application does not "convert a reasonable investigation into a negligent or fabricated one." Defendant's special motion to dismiss should, therefore, be allowed.

## V.  CONCLUSION

For the reasons set forth above, the defendants specially move that this Court dismiss Counts I through VII of plaintiff's Complaint on the grounds that plaintiff seeks therein to hold the defendants liable for petitioning activity in violation of the Massachusetts Anti-SLAPP Statute, M.G.L. c. 231, § 59H. The defendants are immune from such liability under Massachusetts law.

The Defendants,
CITY OF ATTLEBORO,
ATTLEBORO POLICE DEPARTMENT,
CHIEF RICHARD PIERCE, CAPTAIN
GEORGE BUSSIERE, OFFICER MICHAEL
McDONNELL (in his official capacity), and
OFFICER THOMAS WELLMAN,
By their attorneys,

John J. Davis, BBO #115890
**PIERCE, DAVIS & PERRITANO, LLP**
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail _____ 2/13/04

Dated: February 13, 2004

-13-