UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 12470 MLW

|   |   |
|---|---|
| ROBERT MUIR,<br>Plaintiff,<br><br>v.<br><br>CITY OF ATTLEBORO, ATTLEBORO POLICE DEPARTMENT, CHIEF RICHARD PIERCE, in his official and individual capacities, LT. GEORGE BUSSIERE, in his official and individual capacities, OFFICER MICHAEL McDONNELL, in his official and individual capacities, and OFFICER THOMAS WELLMAN, in his official and individual capacities,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**AFFIDAVIT OF THOMAS F. WELLMAN**

I, Thomas F. Wellman, hereby depose and aver as follows:

1. I am a police officer employed by the defendant, Attleboro Police Department ("APD.") I was employed in this capacity and acted within the scope of my employment at all times material to the allegations contained in plaintiff's Complaint.

2. On January 6, 2003, I was detailed to the Studley Elementary School in Attleboro to investigate a report of a teacher grabbing a student. Michael McDonnell, a fellow APD police officer, informed me of this incident and identified the student as his son, Michael McDonnell II. My supervisor, Lt. Joseph Fitton, was present at the time and approved of my assignment.

3. On January 6, 2003, at approximately 4:00 p.m., I met with the plaintiff, Robert Muir, and Principal Sylvia Day at the Studley Elementary School. During this meeting, the plaintiff stated that earlier that afternoon he exited the school building after observing a group of approximately 25-30 children behind the school engaged in an altercation. When he arrived on the scene, he saw Michael McDonnell II punching another boy, Patrick Marshall. The plaintiff stated he then grabbed the arm of Michael McDonnell II and walked him into the school. Ms. Day confirmed that she saw Mr. Muir walking back to the school holding Michael McDonnell II's arm.

4. On January 7, 2003, at approximately 11:30 a.m., Jason McDonnell, brother of Michael McDonnell II, came to the Attleboro police station to complete a written

statement. In that statement (a copy of which is attached hereto as Exhibit "A"), Jason McDonnell reported that, when he picked up his brother at school on the previous day, Michael McDonnell II told him that a man (the plaintiff) "had pulled his arm up around his back with force." Jason McDonnell further reported that he then spoke to the plaintiff who admitted pulling Michael McDonnell II's arm around to his back. When Jason McDonnell asked the plaintiff his name, the plaintiff stated "I am an X cop [and] I can do what I want." He then gave Jason McDonnell his name as "Bob Muir."

5. On January 8, 2003, at approximately 3:00 p.m., I met Michael McDonnell II and two other students, Nick Campbell and Miles Tingley, in the McDonnell home at 9 John Williams Street, Attleboro. Mrs. Lisa McDonnell was present for the meeting. Officer Michael McDonnell was not. Michael McDonnell II stated that, on January 6, 2003, while he was engaged in a fight with Patrick Marshall behind the Studley Elementary School, the plaintiff grabbed his left arm and placed it in the middle of his back. Michael McDonnell II further stated that he told the plaintiff to let him go, and that he was hurting him. The plaintiff responded by telling Michael McDonnell II that he was an ex-cop for 20 years and he would do what he wanted. Michael McDonnell II further stated that the plaintiff then walked him into the school.

6. During the January 8, 2003 meeting, Nick Campbell admitted that he had also participated in a fight with Patrick Marshall on the afternoon of January 6, 2003, and that Michael McDonnell II had come to his aid. After the plaintiff broke up the fight, Nick Campbell stated he observed the plaintiff walk Michael McDonnell II into the school holding Michael's arm behind his back.

7. During the January 8, 2003 meeting, the third student, Miles Tingley, stated that he also observed the plaintiff holding Michael McDonnell II's arm behind his back and that Michael's face was red.

8. On January 10, 2003, at approximately 11:00 a.m., I spoke with Durell Blanchard, a 9th grade student at Attleboro High School. (Ms. Pat Knox was with him.) Mr. Blanchard denied that he was close to the altercation, but stated he also observed the plaintiff place Michael McDonnell II's arm behind his back and walk him into the school.

9. On January 10, 2003, at approximately 11:35 a.m., I met with Patrick Marshall at the Brennan Middle School in Attleboro. (Bruce Lynch was also present.) Mr. Marshall stated that, on January 6, 2003, he observed the plaintiff grab Michael McDonnell II's arm, place it behind his back and walk him into the school. Mr. Marshall further stated that, as he was leaving the area, the plaintiff ran back out, placed Mr. Marshall's arm behind his back and walked him into the school as well. According to Mr. Marshall, the plaintiff told him that he (the plaintiff) was an ex-police officer and that he had saved Mr. Marshall from being hurt. I later spoke to Mr. Marshall's mother. She admitted she was aware of the events of January 6, 2003, but did not object to the plaintiff's conduct.

10. On January 10, 2003, following my meeting with Patrick Marshall at the Brennan Middle School, I visited the Studley Elementary School and spoke with Principal Day. I advised her that charges against the plaintiff for assault and battery would be forthcoming.

11. On or about January 13, 2003, I prepared a report detailing the results of my investigation. (A copy of that report is attached hereto as Exhibit "B.") Based on those results, I reasonably believed that the Attleboro Police Department had probable cause to charge the plaintiff with assault and battery.

12. On January 13, 2003, I completed an Application to the Attleboro District Court for a complaint of assault and battery, identifying Police Captain George Bussiere as the complainant, Robert Muir as the defendant, and Michael McDonnell II as the victim. (A copy of that Application is attached hereto as Exhibit "C.") I did not apply for a summons to issue against Mr. Muir. Rather, I requested the Court to schedule a show cause hearing in order for the Magistrate to make an independent determination on whether probable cause existed to charge Mr. Muir with assault and battery.

13. On May 5, 2003, the Attleboro District Court held a show cause hearing on the Application for a complaint. I did not attend the show cause hearing. In accordance with APD policy, Captain Bussiere attended instead as the Police Prosecutor. Upon information and belief, Magistrate Creedon took the matter under advisement, then later denied the Application.

14. Prior to the show cause hearing on May 5, 2003, I had no knowledge of any complaint filed against the plaintiff with the Massachusetts Department of Education. Nor did I have knowledge of a DOE investigation or of any findings issued or conclusions reached by the DOE. No one from the DOE ever contacted me to discuss the substance of my investigation, to testify at a DOE hearing, or to request a copy of my report.

15. I handled my investigation of the January 6, 2003 incident in the same manner as I handle other investigations into citizen complaints. I did not give this investigation special or preferential treatment because I knew the victim's father or because his father was an APD police officer. Other than on January 6, 2003, when Officer McDonnell first reported the incident to me, I did not discuss the scope, progress or results of my investigation with Officer McDonnell. My conclusion that probable cause existed to charge the plaintiff with assault and battery was based on the facts and information within my knowledge, as well as my training and experience as a police officer.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 13 DAY OF FEBRUARY, 2004.

_____
Off. Thomas F. Wellman