UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 12470 MLW

| | |
|---|---|
| ROBERT MUIR,<br>    Plaintiff,<br><br>v.<br><br>CITY OF ATTLEBORO, ATTLEBORO POLICE DEPARTMENT, CHIEF RICHARD PIERCE, in his official and individual capacities, LT. GEORGE BUSSIERE, in his official and individual capacities, OFFICER MICHAEL McDONNELL, in his official and individual capacities, and OFFICER THOMAS WELLMAN, in his official and individual capacities,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANTS[1] TO COUNT VIII OF PLAINTIFF'S COMPLAINT, AND JURY DEMAND

### FIRST DEFENSE

Count VIII of the plaintiff's Complaint fails to state a claim against the defendants upon which relief can be granted.

### SECOND DEFENSE

Count VIII of the plaintiff's Complaint fails to state a claim against the defendants upon which relief can be granted in that the defendants have no obligation to pay the plaintiff any amount of the loss or damages alleged.

### THIRD DEFENSE

The defendants hereby respond to the allegations contained in the plaintiff's Complaint,

---

[1] With respect to the defendant, Officer Michael McDonnell, this Answer is filed in his official capacity only.

paragraph by paragraph, as follows:

### Jurisdiction

1. The defendants neither admit nor deny the allegations contained in Paragraph 1 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

2. The defendants admit the allegations contained in Paragraph 2.

3. The defendants admit the Attleboro Police Department is a department of the City of Attleboro. In further response, the defendants state that the Attleboro Police Department is not a separate legal entity and, therefore, not a proper party to this case.

4. The defendants admit the allegations contained in Paragraph 4.

5. The defendants admit that George Bussiere is a resident of the Commonwealth of Massachusetts. The defendants deny that he is a lieutenant within the Attleboro Police Department; he is now a captain.

6. The defendants admit the allegations contained in Paragraph 6.

7. The defendants admit the allegations contained in Paragraph 7.

The defendants need not respond to Counts I through VII of the plaintiff's Complaint, as these Counts are the subject of a special motion to dismiss filed by the defendants pursuant to M.G.L. c. 231, § 59H. To the extent Paragraphs 8 through 61 are incorporated in Paragraph 62 of the plaintiff's Complaint, the defendants respond as follows:

8. The defendants neither admit nor deny the allegations contained in Paragraph 8 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

9. The defendants neither admit nor deny the allegations contained in Paragraph 9 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

10. The defendants admit the allegations contained in Paragraph 10.

11. The defendants neither admit nor deny the allegations contained in Paragraph 11 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

12. The defendants deny the allegations contained in Paragraph 12.

13. The defendants neither admit nor deny the allegations contained in Paragraph 13 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

14. The defendants neither admit nor deny the allegations contained in Paragraph 14 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

15. The defendants neither admit nor deny the allegations contained in Paragraph 15 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

16. The defendants admit that Officers McDonnell and Wellman are both employed by the Attleboro Police Department. The defendants deny that Officer McDonnell "dispatched" Officer Wellman to the Studley School.

17. The defendants admit that Officer Wellman responded to the Studley School to investigate a complaint. The defendants further admit that, upon arrival, Officer Wellman spoke with both the plaintiff and Principal Sylvia Day. The defendants further admit that Officer Wellman informed the plaintiff that, upon completion of his investigation, court action could be taken if he (Officer Wellman) concluded that probable cause existed to seek charges against the plaintiff. The defendants deny the remainder of the allegations contained in Paragraph 17.

18. The defendants deny the allegations contained in Paragraph 18. In further response, the defendants state that, on or about January 13, 2003, Captain Bussiere signed an application for criminal process requesting the Attleboro District to schedule a show cause hearing on Michael McDonnell II's complaint of assault and battery.

19. The defendants neither admit nor deny the allegations contained in Paragraph 19 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same. Additionally, the Department of Education's alleged "conclusion" is contained in a written document which speaks for itself. In further response, the defendants state that the Department of Education's alleged "investigation" and "conclusion" were not brought to the defendants' attention until May 5, 2003, during plaintiff's show cause hearing. To the extent plaintiff alleges he violated no education law, regulation or policy, the defendants deny Paragraph 19.

20. The defendants neither admit nor deny the allegations contained in Paragraph 20 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same. Additionally, the Department of Education's alleged "findings" are contained in a written document which speaks for itself. In further response, the defendants state that the Department

of Education's alleged "investigation" and "findings" were not brought to the defendants' attention until May 5, 2003, during plaintiff's show cause hearing. To the extent plaintiff alleges he did not unreasonably restrain Michael McDonnell II, the defendants deny Paragraph 20.

21. The defendants neither admit nor deny the allegations contained in Paragraph 21 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same. Additionally, the Department of Education's alleged "findings" are contained in a written document which speaks for itself. In further response, the defendants state that the Department of Education's alleged "investigation" and "findings" were not brought to the defendants' attention until May 5, 2003, during plaintiff's show cause hearing. To the extent plaintiff alleges his physical restraint of Michael McDonnell II was necessary and short-lived and did not result in any injury, the defendants deny Paragraph 21.

22. The defendants neither admit nor deny the allegations contained in Paragraph 22 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same. Additionally, the Department of Education's alleged "findings" are contained in a written document which speaks for itself. In further response, the defendants state that the Department of Education's alleged "investigation" and "findings" were not brought to the defendants' attention until May 5, 2003, during plaintiff's show cause hearing. To the extent plaintiff alleges that his physical restraint of Michael McDonnell II was appropriate, the defendants deny Paragraph 22.

23. The defendants neither admit nor deny the allegations contained in Paragraph 23 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same. In further response, the defendants state that the Department of Education's alleged "investigation" and "findings" were not brought to the defendants' attention until May 5, 2003, during plaintiff's show cause hearing. To the extent plaintiff alleges the defendants were somehow aware or had notice of the Department of Education's alleged "findings" prior to May 5, 2003, the defendants deny Paragraph 23.

24. The defendants deny the allegations contained in Paragraph 24.

25. The defendants admit that a show cause hearing was held before Magistrate Creedon in Attleboro District Court on May 5, 2003. The defendants deny the remainder of the allegations contained in Paragraph 25.

26. The defendants admit that Magistrate Creedon took the matter under advisement and, thereafter, denied that a complaint of assault and battery should issue against the plaintiff. The defendants deny the remainder of the allegations contained in Paragraph 26.

27. The defendants deny the allegations contained in Paragraph 27.

28. The defendants deny the allegations contained in Paragraph 28.

29. The defendants deny the allegations contained in Paragraph 29.

30. The defendants deny the allegations contained in Paragraph 30.

31. The defendants deny the allegations contained in Paragraph 31. The defendants further deny that the plaintiff is entitled to recover any damages, interest, costs or attorneys' fees in this matter.

32. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 31 above.

33. The defendants deny the allegations contained in Paragraph 33.

34. The defendants deny the allegations contained in Paragraph 34.

35. The defendants deny the allegations contained in Paragraph 35.

36. The defendants deny the allegations contained in Paragraph 36.

37. The defendants deny the allegations contained in Paragraph 37.

38. The defendants deny the allegations contained in Paragraph 38. The defendants further deny that the plaintiff is entitled to recover any damages, interest, costs or attorneys' fees in this matter.

39. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 38 above.

40. The defendants deny the allegations contained in Paragraph 40.

41. The defendants deny the allegations contained in Paragraph 41.

42. The defendants deny the allegations contained in Paragraph 42.

43. The defendants deny the allegations contained in Paragraph 43. The defendants further deny that the plaintiff is entitled to recover any damages, interest, costs or attorneys' fees in this matter.

44. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 43 above.

45. The defendants deny the allegations contained in Paragraph 45.

46. The defendants deny the allegations contained in Paragraph 46.

47. The defendants deny the allegations contained in Paragraph 47.

48. The defendants deny the allegations contained in Paragraph 48. The defendants further deny that the plaintiff is entitled to recover any damages, interest, costs or attorneys' fees in this matter.

49. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 48 above.

50. The defendants neither admit nor deny the allegations contained in Paragraph 50 as they are mere conclusions of law to which no response is required. To the extent plaintiff alleges the defendants breached a duty owed to him, the defendants deny Paragraph 50.

51. The defendants deny the allegations contained in Paragraph 51.

52. The defendants deny the allegations contained in Paragraph 52. The defendants further deny that the plaintiff is entitled to recover any damages, interest, costs or attorneys' fees in this matter.

53. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 52 above.

54. The defendants deny the allegations contained in Paragraph 54.

55. The defendants deny the allegations contained in Paragraph 55.

56. The defendants deny the allegations contained in Paragraph 56.

57. The defendants deny the allegations contained in Paragraph 57. The defendants further deny that the plaintiff is entitled to recover any damages, interest, costs or attorneys' fees in this matter.

58. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 57 above.

59. The defendants deny the allegations contained in Paragraph 59.

60. The defendants deny the allegations contained in Paragraph 60.

61. The defendants deny the allegations contained in Paragraph 61. The defendants further deny that the plaintiff is entitled to recover any damages, interest, costs or attorneys'

fees in this matter.

## Count VIII – 42 U.S.C. § 1983

62. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 61 above.

63. The defendants deny the allegations contained in Paragraph 63.

64. The defendants deny the allegations contained in Paragraph 64.

65. The defendants deny the allegations contained in Paragraph 65. The defendants further deny that the plaintiff is entitled to recover any damages, interest, costs or attorneys' fees in this matter.

### FOURTH DEFENSE

The defendants state that their actions and conduct were protected by law and/or legal process and, therefore, the plaintiff cannot recover.

### FIFTH DEFENSE

The defendant, Attleboro Police Department, is not a separate legal entity subject to suit and, therefore, plaintiff's Complaint against the Attleboro Police Department must be dismissed due to misnomer, insufficiency of process and insufficiency of service of process.

### SIXTH DEFENSE

The plaintiff fails to allege or identify any policy, custom or practice of the City of Attleboro or of the Attleboro Police Department which allegedly caused plaintiff's civil rights deprivations and, therefore, the plaintiff cannot recover.

### SEVENTH DEFENSE

The defendants state that no policy, custom or practice of the City of Attleboro and/or of the Attleboro Police Department caused plaintiff's alleged civil rights deprivations and, therefore, the plaintiff cannot recover.

### EIGHTH DEFENSE

The plaintiff fails to allege or identify any rights secured by the Constitution or by the laws of the United States which the defendants allegedly violated and, therefore, the plaintiff cannot recover.

## NINTH DEFENSE

The defendants did not deprive the plaintiff of any rights secured by the Constitution or by the laws of the United States and, therefore, the plaintiff cannot recover. In the alternative, if the defendants deprived the plaintiff of any Constitutional or statutory rights, such rights were not clearly-established at the time of the alleged deprivation.

## TENTH DEFENSE

The defendants are entitled to absolute immunity.

## ELEVENTH DEFENSE

The defendants are entitled to qualified immunity.

## TWELFTH DEFENSE

The plaintiff failed to mitigate his damages.

## THIRTEENTH DEFENSE

The defendants' acts or omissions were privileged.

## FOURTEENTH DEFENSE

The defendants were engaged in petitioning activity protected by the Constitution of the United States, the Constitution of Massachusetts and M.G.L. c. 231, § 59H.

## JURY DEMAND

The defendants demand a trial by jury on all issues.

The Defendants,
CITY OF ATTLEBORO,
ATTLEBORO POLICE DEPARTMENT,
CHIEF RICHARD PIERCE,
CAPTAIN GEORGE BUSSIERE,
OFFICER MICHAEL McDONNELL,[2]
and OFFICER THOMAS WELLMAN,

By their attorneys,

_____
John J. Davis, BBO #115890
**PIERCE, DAVIS & PERRITANO, LLP**
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on 2/13/04

Dated: February 13, 2004

---

[2] In his official capacity only.