UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 12470 MLW

| | |
|---|---|
| ROBERT MUIR,<br>        Plaintiff,<br><br>v.<br><br>CITY OF ATTLEBORO, ATTLEBORO POLICE<br>DEPARTMENT, CHIEF RICHARD PIERCE, in his<br>official and individual capacities, LT. GEORGE<br>BUSSIERE, in his official and individual capacities,<br>OFFICER MICHAEL McDONNELL, in his official and<br>individual capacities, and OFFICER THOMAS<br>WELLMAN, in his official and individual capacities,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' REPLY MEMORANDUM

The plaintiff has filed a Memorandum in Support of his Opposition to Defendants' Special Motion to Dismiss Under M.G.L. Ch. 231, § 59H (hereinafter "Memorandum in Opposition.")  In his Memorandum in Opposition, the plaintiff asserts three (3) grounds for denial of defendants' Special Motion to Dismiss under the Massachusetts Anti-SLAPP Statute. The defendants now take this opportunity to reply to plaintiff's Memorandum in Opposition.[1]

## I.    The Massachusetts Anti-SLAPP Statute is Enforceable in Federal Court.

The plaintiff first contends that the Massachusetts Anti-SLAPP Statute, M.G.L. c. 231, § 59H, cannot be enforced in federal court, presumably in accordance with the principles of Erie

---

[1] This Reply Memorandum is submitted on behalf of the special moving parties only – the City of Attleboro, the Attleboro Police Department, Chief Pierce, Captain Bussiere, Officer Wellman and Officer McDonnell (in his official capacity).  It is not submitted on behalf of the defendant, Officer McDonnell, in his individual capacity.

R.R. Co. v. Tompkins, 304 U.S. 64 (1938) and its progeny. However, the defendants anticipated

and expressly rebutted this argument in their Memorandum in Support of the Special Motion to

Dismiss. (See Defendants' Memorandum in Support, at 9-10 n.7). Without repeating the

arguments expressed in their Memorandum in Support, the defendants note that the principles set

forth in the Rules of Decision Act, 28 U.S.C. §1652,[2] and in Erie R.R., support application of the

Massachusetts Anti-SLAPP Statute in the circumstances of this case. First, M.G.L. c. 231, § 59H

creates substantive rights by fashioning a broad protection for the right of petition,[3] as well as a

new liability on the part of a plaintiff (in the amount of the moving party's costs and reasonable

attorney's fees) should he or she unsuccessfully challenge that right.[4] Second, the Statute is

"outcome determinative" in that it effectively precludes recovery on certain types of claims if a

special motion to dismiss is allowed. Third, application of the Anti-SLAPP Statute in federal

court will discourage forum-shopping by litigants and thereby avoid the inequitable

---

[2] The Rules of Decision Act states as follows:

> The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

28 U.S.C. §1652.

[3] Massachusetts courts have repeatedly recognized the "broad protection" afforded by the Massachusetts Anti-SLAPP Statute to petitioning activity. Fabre v. Walton, 436 Mass. 517, 520-21 (2002) (protection so important that moving party held entitled to take immediate appeal of interlocutory order denying special motion to dismiss); Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002); McLarnon v. Jokisch, 431 Mass. 343, 347 (2000); Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 162-63 (1998).

[4] The Massachusetts Anti-SLAPP Statute states, in part, as follows:

> If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters. Nothing in this section shall affect or preclude the right of the moving party to any remedy otherwise authorized by law.

M.G.L. c. 231, § 59H.

administration of state law.[5]

In his Memorandum in Opposition, the plaintiff relies on the decisions of Stuborn Ltd. v. Bernstein, 245 F. Supp. 2d 312 (D. Mass. 2003), and Baker v. Coxe, 940 F. Supp. 409 (D. Mass. 1996), in support of his argument that Chapter 231, Section 59H is unenforceable in federal diversity actions. Such decisions, however, are inconsistent with Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949) and Feinstein v. Mass. Gen'l Hospital, 643 F.2d 880 (1st Cir. 1981) and, therefore, should not be followed by this Court. In Cohen, the United States Supreme Court addressed the issue of whether a federal court exercising diversity jurisdiction[6] must apply the law of a forum state in a stockholder's derivative action and, thereby, hold an unsuccessful plaintiff liable for defendant's litigation expenses, including reasonable attorney's fees. In rejecting plaintiff's argument that the state statute was merely "procedural" and, hence, inapplicable in federal court, the Supreme Court stated:

> [T]his statute is not merely a regulation of procedure. . . .. [I]t creates a new liability where none existed before, for it makes a stockholder who institutes a derivative action liable for the expense to which he puts the corporation and other defendants, if he does not make good his claims. Such liability is not usual and it goes beyond payment of what we know as "costs." If all [the statute] did was to create this liability, it would clearly be substantive. But this new liability would be without meaning and value in many cases if it resulted in nothing but a judgment for expenses at or after the end of the case. Therefore, a procedure is prescribed by which the liability is insured by entitling the corporate defendant to a bond of indemnity before the outlay is incurred. We do not think

---

[5]    Plainly, if the [California] anti-SLAPP provisions are held not to apply in federal court, a litigant interested in bringing meritless SLAPP claims would have a significant incentive to shop for a federal forum. Conversely, a litigant otherwise entitled to the protections of the Anti-SLAPP statute would find considerable disadvantage in a federal proceeding. This outcome appears to run squarely against the "twin aims" [discouragement of forum-shopping and avoidance of inequitable administration of the law] of the Erie doctrine.

United States v. Lockheed Missiles & Space Co., 190 F.3d 963, 973 (9th Cir. 1999).

[6]  Plaintiff claims that this case "presents a federal questions and is based on diversity." Memorandum in Opposition, at 7 n.2.

a statute which so conditions the stockholder's action can be disregarded by the federal court as a mere procedural device.

337 U.S. at 555-56. The Supreme Court accordingly upheld application of the state statute in federal court.

Relying upon <u>Cohen</u>, the First Circuit Court of Appeals ruled that a federal court hearing a diversity case in Massachusetts must refer a medical malpractice action to a malpractice tribunal convened pursuant to the provisions of M.G.L. c. 231, § 60B. <u>Feinstein v. Mass. Gen'l Hospital</u>, 643 F.2d 880, 887 (1st Cir. 1981). Recognizing that the referral and screening mechanism of a malpractice tribunal is essentially procedural, the Court nonetheless noted that an unsuccessful plaintiff (<u>i.e.</u>, one who fails to introduce sufficient evidence before the tribunal to raise a legitimate claim of liability) must file a two thousand dollar bond within 60 days of the tribunal's decision in order to cover the defendant's costs and attorney's fees in the event plaintiff "does not prevail in the final judgment." M.G.L. c. 231, § 60B. Thus, the state procedures "are more than simply a 'form and mode' of regulating litigation in the state courts." <u>Feinstein</u>, 643 F.2d at 885.

> Like the statute at issue in Cohen, section 60B creates a new liability in the amount of the bond for costs and reasonable attorneys' fees incurred by the defendant in a case in which the plaintiff fails to obtain judgment.

<u>Id</u>. at 886.

A refusal to apply Section 60B in federal court, warned the First Circuit, could have a "significant effect on the outcome of the litigation" and "would encourage forum-shopping by out-of-state plaintiffs . . . wishing to avoid the screening procedure mandated in Massachusetts courts." <u>Id.</u> Principles of federalism underlying the Rules of Decision Act and <u>Erie R.R.</u>

accordingly require a federal court to follow the procedures set forth in Section 60B by referring out-of-state medical malpractice plaintiffs to a malpractice tribunal.

Similar to the local statutes addressed in <u>Cohen</u> and <u>Feinstein</u>, the Massachusetts Anti-SLAPP Statute creates a "new liability" where none previously existed. It makes a plaintiff who unsuccessfully challenges a defendant's petitioning activities liable for the expense to which he puts the defendant if he fails to make good on his claims. The Statute provides in part that "[i]f the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees . . .." M.G.L. c. 231, § 59H. Moreover, upon allowing a special motion to dismiss, "[a] court has no discretion whether to grant costs and reasonable attorney's fees; under the statute the grant of both is mandatory." <u>MacDonald v. Paton</u>, 57 Mass. App. Ct. 290, 296 (2003).

Failure to apply the Massachusetts Anti-SLAPP Statute in this case would serve to deny defendants the "broad protection" to which they are entitled under Massachusetts law. It would also encourage forum-shopping by out-of-state plaintiffs, such as Mr. Muir. For these reasons, and in accordance with the <u>Cohen</u> and <u>Feinstein</u> decisions, the Massachusetts Anti-SLAPP Statute is enforceable in this Court.

In <u>United States v. Lockheed Missiles & Space Co.</u>, 190 F.3d 963 (9th Cir. 1999), the Ninth Circuit Court of Appeals held that the California Anti-SLAPP Statute (Cal. Civ. Proc. Code § 425.16) was likewise enforceable in federal court. After finding that the California statutory provisions regarding a "special motion to strike" and the availability of attorney's fees and costs did not result in a "direct collision" with the Federal Rules of Civil Procedure, the Ninth Circuit concluded that the state and federal laws "can exist side by side . . . each

-5-

controlling its own intended sphere of coverage without conflict." Id., 190 F.3d at 972, quoting

Walker v. Armco Steel Corp., 446 U.S. 740, 749-50 & 752 (1980). Moreover, both the

California statute and the Federal Rules share a "commonality of purpose" – i.e., the "expeditious

weeding out of meritless claims before trial." Id.

The Massachusetts Anti-SLAPP Statute and the Federal Rules of Civil Procedure

likewise result in no "direct collision" and share a "commonality of purpose." Therefore, this

Court can (and should) enforce the provisions of M.G.L. c. 231, § 59H in this case.

Alternatively, if this Court should adopt the rationale employed by Judge Lasker in the

case of Stuborn Ltd. Partnership v. Bernstein, 245 F. Supp. 2d 312 (D. Mass. 2003), then the

outcome must be modified. At the very least, the Massachusetts Anti-SLAPP Statute contains

both procedural and substantive provisions. Thus, to deny the defendants' substantive protection

for petitioning activity and ignore plaintiff's potential liability for defendants' costs and

attorney's fees simply because the Massachusetts Legislature simultaneously created a

mechanism to enforce that protection and right in the form of a special motion to dismiss is akin

to throwing out the baby with the bath water.

Consistent with the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure,

this Court should rule that plaintiff's state law claims against the defendants (set forth in Counts I

through VII of his Complaint) are based solely on defendants' petitioning activities as defined in

M.G.L. c. 231, § 59H, and "have no substantial basis other than or in addition to [their]

petitioning activities." Id. Therefore, because the defendants are entitled to protection from

plaintiff's state law claims under the Massachusetts Anti-SLAPP Statute, Counts I through VII of

plaintiff's Complaint fail to state claims upon which relief can be granted within the meaning of

Rule 12(b)(6) and must be dismissed.

**II.     The Defendants are Entitled to Protection Under the Massachusetts Anti-SLAPP Statute.**

In further opposition to defendants' Special Motion to Dismiss, the plaintiff contends that the Massachusetts Anti-SLAPP Statute was not intended to protect the petitioning activities of governmental entities or government officials. Rather, it was designed to protect only civilian petitioning activities. (See Memorandum in Opposition, at 8-10). In support of this position, the plaintiff cites Hayes v. Zaleznick, 2001 Mass. App. Div. 107, wherein the Massachusetts Appellate Division of the District Court Department confessed it was aware of no instance where the protection of the Statute was applied to a governmental entity. Id., 2001 Mass. App. Div. 107, at *3.

Plaintiff's position is incorrect. Chapter 231, Section 59H makes no distinction between the petitioning activities of "civilians" and governmental entities and officials. On the contrary, the Statute provides that "[i]n any case in which a party" is subjected to claims based upon "said party's" exercise of its right to petition, "said party" may bring a special motion to dismiss. (Emphasis added). A party's "exercise of its right to petition" is broadly defined as:

> [A]ny written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.

M.G.L. c. 231, § 59H (emphasis added). The term "party" is nowhere defined or limited. Nor are protected "statements" confined only to those of certain speakers. Since governmental

entities and government officials enjoy protection under the First Amendment, it follows that their rights to petition are similarly protected.[7]

Certainly, case law favors an expansive interpretation of the Massachusetts Anti-SLAPP Statute. In recent decisions, Massachusetts courts have rejected the notion that the Statute protects only the so-called "paradigm" case where a large private interest brings suit against a common citizen to deter him from exercising his legal rights. Baker v. Parsons, 434 Mass. 543, 549 (2001) (review of legislative history leads to conclusion "that the Legislature intended to go beyond the 'typical' case by enacting 'very broad protection for petitioning activities.'") Thus, the Statute can be raised where both parties are of modest means. McLarnon v. Jokisch, 431 Mass. 343, 347 (2000) (former husband's claims against former wife arising out of former wife's application for protective order held precluded under Anti-SLAPP Statute); MacDonald v. Paton, 57 Mass. App. Ct. 290, 295 (2003) (claims for defamation brought by former selectman against private citizen held barred under Anti-SLAPP Statute).

Moreover, the Statute can also be invoked by a governmental entity or government official. In Wynne v. Town of Greenfield, 2002 WL 31678501, Justice Borenstein of the Massachusetts Superior Court allowed a special motion to dismiss in favor of the Greenfield Town Manager, the Fire Chief, the Assistant Fire Chief and several other Greenfield firefighters, in an action for defamation brought against them by a former Greenfield firefighter.[8] And, when

---

[7] The right to petition is protected by the First Amendment to the Constitution (as enforced through the Fourteenth Amendment) and Article XI of the Massachusetts Declaration of Rights (applicable, by its terms, to "every subject of the commonwealth.") Defendants' rights under the Massachusetts Constitution are to be "rigidly enforced." King v. Grace, 293 Mass. 244, 246 (1936). In his Memorandum in Opposition, plaintiff states that "the government has no right of petition under the Petitioning Clause of the First Amendment." Memorandum in Opposition, at 8. Not surprisingly, he cites no support for this extraordinary statement.

[8] A copy of the Wynne v. Town of Greenfield decision is attached hereto for the Court's convenience.

California courts addressed this precise issue under the California Anti-SLAPP Statute, they expressly agreed that governmental entities and government officials are entitled to the same protection for petitioning activities as private citizens. See Bradbury v. Superior Court, 57 Cal. Rptr. 2d 207, 49 Cal. App. 4th 1108, 1117 (1996) (county and county representatives held protected as "persons" under California Anti-SLAPP Statute); Schroeder v. Irvine City Council, 118 Cal. Rptr. 2d 330, 97 Cal. App. 4th 174 (2002) (members of city council held protected under California Anti-SLAPP Statute).

The notion that a governmental entity or government official cannot invoke the protection of the Massachusetts Anti-SLAPP Statute also runs counter to the SJC's statutory analysis in Fabre v. Walton, 436 Mass. 517 (2002). There, in discussing the scope of the Statue, the Court stated:

> [T]he statute provides broad protections for individuals who exercise their right to petition from harassing litigation and the costs and burdens of defending against retaliatory lawsuits. . . . . In this regard, *they are similar in purpose to protections afforded public officials by the doctrine of governmental immunity.*

Id., 436 Mass. at 520 (emphasis added) (footnote and citation omitted). Under Massachusetts law, a public employee is immune from liability for wrongful or negligent acts or omissions committed within the scope of his employment. M.G.L. c. 258, § 2. If the protection afforded under the Massachusetts Anti-SLAPP Statute is indeed "similar in purpose" to the doctrine of governmental immunity, then the defendants in this matter should be protected for engaging in petitioning activity within the meaning of M.G.L. c. 231, § 59H.

The right of the defendants, the City of Attleboro, the Attleboro Police Department and its officials, to petition is protected under the United States Constitution and Massachusetts law.

Therefore, the defendants' exercise of that right must likewise be protected from liability under the Massachusetts Anti-SLAPP Statute.[9]

## III.   The Plaintiff Cannot Demonstrate that the Defendants' Exercise of Their Rights of Petition Were Devoid of Any Reasonable Factual Support or Any Arguable Basis in Law.

The moving party on a special motion to dismiss bears the initial burden of demonstrating that the activity at issue was "petitioning" activity within the meaning of M.G.L. c. 231, § 59H and, further, that plaintiff's claims "are 'based on' the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." Fabre, supra, 436 Mass. at 522; Duracraft Corp., supra, 427 Mass. at 167-168. The defendants have met this burden. (See Plaintiff's Complaint and Affidavit of Thomas F. Wellman (and Exhibits attached thereto)). Indeed, other than challenging the applicability of the Statute in federal court, as well as defendants' rights (as governmental entities and officials) to invoke the protection of the Statute, the plaintiff does not contest defendants' satisfaction of this burden.[10]  Nor can he credibly do so.

Once a moving party meets its burden, the burden then shifts to the plaintiff to demonstrate that defendants' petitioning activity "was devoid of any reasonable factual support or any arguable basis in law."[11]  M.G.L. c. 231, § 59H; Baker v. Parsons, 434 Mass. 543, 553-554

---

[9]  At a minimum, the government officials named in their individual capacities – Chief Pierce, Captain Bussiere and Officer Wellman – should be permitted to invoke the protection of the Massachusetts Anti-SLAPP Statute even if the governmental entities – the City of Attleboro, the Attleboro Police Department and the police in their official capacities – cannot. In Hayes v. Zaleznik, the 2001 decision from the Appellate Division of the District Court Department relied upon by the plaintiff, the Court found that the literal language of the Statute "supports the interpretation that a petition filed by a governmental entity is beyond its scope." 2001 WL 640258, at *3 (emphasis added). To the extent Chief Pierce, Captain Bussiere and Officer Wellman are sued here as individuals, they are not governmental entities.

[10]  The plaintiff describes defendants' activity as "petitioning activity." Memorandum in Opposition, at 10.

[11]  The American Heritage Dictionary (2nd College Edition) defines "devoid" as "completely lacking; destitute." "Arguable" is defined as "open to argument."

(2001). In deciding this issue, a court "shall consider the pleadings and supporting affidavits stating the facts upon which the liability or defense is based." M.G.L. c. 231, § 59H. As illustrated by the rulings in several Massachusetts cases, this burden of the non-moving party can be a difficult one to sustain. See <u>Office One, Inc.</u>, <u>supra</u>, 437 Mass. at 123-124 (plaintiff failed to make requisite showing with respect to all three counts of complaint); <u>Fabre</u>, <u>supra</u>, 436 Mass. at 524-525 (plaintiff's pleading and affidavits held insufficient to sustain burden); <u>McLarnon</u>, <u>supra</u>, 431 Mass. at 349 (allowance of special motion upheld despite submission of "conflicting affidavits"); <u>Donovan v. Gardner</u>, 50 Mass. App. Ct. 595, 600-601 (2000) (allowance of special motion affirmed; fact that petitions were resolved in plaintiffs' favor did not mean they had no colorable basis); <u>Wynne</u>, <u>supra</u>, 2002 WL 31678501, at *4 (special motion allowed where plaintiff failed to explain how defendants' statements were devoid of any factual support or legal basis).

In <u>Baker v. Parsons</u>, <u>supra</u>, the SJC addressed the proper evidentiary standard to be applied in weighing conflicting factual allegations in order to decide whether a non-moving party has met his burden of demonstrating that defendants' petitioning activity was utterly lacking "of any reasonable factual support of any arguable basis in law." After rejecting adoption of a summary judgment standard, the Court concluded that a preponderance of the evidence standard was more appropriate.

> [W]e conclude that the party opposing a special motion to dismiss is required to show by a preponderance of the evidence that the moving party lacked any reasonable factual support or any arguable basis in law for its petitioning activity. This standard places the burden on the non-moving party, as the Legislature intended, but without creating an insurmountable barrier to relief.

434 Mass. at 553-554 (footnotes omitted). In affirming the allowance of defendant's special

motion to dismiss, the <u>Baker</u> Court approved the hearing judge's description of plaintiff's burden as a "correct statement of the law." The Superior Court Judge described the burden of the non-moving party as follows:

> It is not enough for [the plaintiff] to show that [defendant's] alleged petitioning activity, requesting broad environmental review, was based on an error of law; he must show that no reasonable person could conclude that there was [a basis in law] for requesting the review. [Plaintiff] has not made this showing.

<u>Id.</u>, 434 Mass. at 555 n.20.

Here, the plaintiff, Mr. Muir, submits the Affidavits of Sylvia J. Day and Debra Maynard, as well as his own, in an effort to sustain his burden of demonstrating that defendants' petitioning activities were devoid (<u>i.e.</u>, completely lacking) of any reasonable factual support <u>or</u> arguable basis in law. At best, plaintiff's Affidavits raise a question of fact as to whether Officer Wellman and the APD had probable cause to apply to the Attleboro District Court for the issuance of a complaint of assault and battery against Mr. Muir for grabbing Michael McDonnell II.[12] They fail to demonstrate, however, the complete absence of any factual support or arguable legal basis for defendants' activities by a preponderance of the evidence.[13] The plaintiff has not shown that

---

[12] Defendants do not admit that plaintiff's Affidavits raise disputed issues of fact or that such facts (if any) are material to the issues raised in plaintiff's Complaint.

[13] To the contrary, plaintiff's Affidavits support defendants' position that their application to the Attleboro District Court for a show cause hearing was based on probable cause. Prosecution on a charge of assault and battery requires proof of an intentional and unjustified use of force upon the person of another, however slight. M.G.L. c .265, § 13A. Plaintiff admits in his Affidavit that he put Michael McDonnell II's left arm behind him to secure and prevent him from striking another student, Affidavit of Robert Muir, ¶ 6; he then "walked [Michael McDonnell II] back to [plaintiff's] classroom with his arm behind his back." <u>Id.</u>, ¶ 7. Plaintiff did not release Michael until Ms. Day, the Principal of Studley Elementary School, took him from plaintiff's "hold." <u>Id.</u>, ¶ 9; Affidavit of Sylvia J. Day, ¶ 11. In grabbing and holding Michael in this fashion, plaintiff allegedly relied on his twenty years of experience as a Providence Police Officer and his training on how to secure individuals in police custody. Affidavit of Robert Muir, ¶ 8. Yet, when he used force on Michael the plaintiff was <u>not</u> a Providence Police Officer, but a teacher. And, perhaps more importantly, Michael was not a suspect being taken into police custody but rather a fourteen-year old boy involved in an after-school fight. Department of Education regulations make clear that physical restraint of students is justified only in emergency situations, and then only "after other less intrusive alternatives have failed or been deemed inappropriate, and with extreme caution." 603 CMR § 46.01(3). (The defendants do not waive, and hereby expressly reserve, their right to seek to move to strike the Affidavits of Sylvia J. Day and Debra Maynard.)

"no reasonable person could conclude" that there was factual support or basis in law to apply to the Attleboro District Court for a show cause hearing on a complaint of assault and battery against him. Therefore, plaintiff has failed to meet his burden under M.G.L. c. 231, §59H. Defendants' Special Motion to Dismiss must be allowed.

### CONCLUSION

For the reasons set forth above, the defendants specially move that this Court dismiss Counts I through VII of plaintiff's Complaint on the grounds that plaintiff seeks therein to hold the defendants liable for petitioning activities in violation of the Massachusetts Anti-SLAPP Statute, M.G.L. c. 231, § 59H. The defendants are immune from such liability under Massachusetts law. Moreover, upon allowance of their Special Motion to Dismiss, the defendants further request that this Court award them costs and reasonable attorney's fees in an amount to be determined.

The Defendants,
CITY OF ATTLEBORO,
ATTLEBORO POLICE DEPARTMENT, CHIEF
RICHARD PIERCE, CAPTAIN GEORGE
BUSSIERE, OFFICER MICHAEL McDONNELL
(in his official capacity), and OFFICER THOMAS
WELLMAN,

By their attorneys,

John J. Davis, BBO #115890
**PIERCE, DAVIS & PERRITANO, LLP**
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: March 12, 2004

-13-