UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 12470 MLW

ROBERT MUIR,
    Plaintiff,

v.

CITY OF ATTLEBORO, ATTLEBORO POLICE
DEPARTMENT, CHIEF RICHARD PIERCE, in his
official and individual capacities, LT. GEORGE
BUSSIERE, in his official and individual capacities,
OFFICER MICHAEL McDONNELL, in his official and
individual capacities, and OFFICER THOMAS
WELLMAN, in his official and individual capacities,
    Defendants.

### DEFENDANTS' MOTION TO STRIKE THE AFFIDAVIT OF SYLVIA J. DAY SUBMITTED IN OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO DISMISS

On or about February 13, 2004, the defendants filed a Special Motion to Dismiss Counts I Through VII of Plaintiff's Complaint Under M.G.L. Ch. 231, § 59H,[1] and a Memorandum in Support of said Motion. The defendants also submitted with their Motion an Affidavit of the defendant, Officer Thomas F. Wellman. Thereafter, on or about February 27, 2004, the plaintiff filed an Opposition and Memorandum in Opposition to defendants' Special Motion to Dismiss. Together with this Opposition, the plaintiff also submitted Affidavits of himself, Robert Muir, and of two alleged witnesses, Sylvia J. Day and Debra Maynard. Plaintiff's affiants, Sylvia J. Day and Debra Maynard,

---

[1] M.G.L. c. 231, § 59H, is also known as the Massachusetts Anti-SLAPP Statute.

are present employees of the defendant, the City of Attleboro.[2] Ms. Day is Principal of the Studley Elementary School, a public school in the City of Attleboro (Affidavit of Sylvia J. Day, ¶ 1), and Ms. Maynard is the Studley Elementary School Nurse. (Affidavit of Debra Maynard, ¶ 1).

The defendants now move to strike the Affidavit of Principal Day on the grounds that it was obtained through prohibited ex parte communications with defendant's present employee. The plaintiff should not to be permitted to gain an advantage by his own wrongdoing, or by the wrongdoing of his counsel. Therefore, Principal Day's Affidavit should be stricken by this Court and disregarded when the Court considers and rules on defendants' Special Motion to Dismiss.

Rule 4.2 of the Massachusetts Rules of Professional Conduct states as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Comment 4 to Rule 4.2, effective June 5, 2002, addresses the application of the Rule to organizational adversaries:

> In the case of an organization, the Rule prohibits communications by a lawyer for another party or entity concerning the matter in representation only with those agents or employees who exercise managerial responsibility in the matter, who are alleged to have committed the wrongful act at issue in the litigation, or who have authority on behalf of the organization to make decisions about the course of the litigation.

---

[2] According to their Affidavits, Ms. Day and Ms. Maynard were also employed by the City of Attleboro at the time of the events alleged in plaintiff's Complaint.

This Comment is consistent with the SJC's recent interpretation of Rule 4.2 in <u>Messing, Rudavsky & Weliky, P.C. v. President & Fellows of Harvard College</u>, 436 Mass. 347, 356-358 (2002) (purpose of Rule is "to protect the attorney-client relationship and prevent clients from making ill-advised statements without the counsel of their attorney.")

The defendants do not maintain that Principal Day is alleged to have committed the wrongful acts at issue, or that she has authority to make decisions on behalf of her employer, the City of Attleboro, regarding the pending litigation. However, as Principal of the Studley Elementary School (where plaintiff's alleged assault and battery of the minor, Michael McDonnell II, took place), and as plaintiff's immediate supervisor, Ms. Day clearly exercised "managerial responsibility" in this matter. As a result, plaintiff's counsel was prohibited from contacting her without the consent of defense counsel.

Counsel for the defendants served defendants' Special Motion to Dismiss and supporting materials on plaintiff's counsel on February 13, 2004. At the same time, defense counsel also served defendants' Answer to Count VIII (plaintiff's sole federal claim). The Affidavit of Principal Day is dated two weeks later – February 27, 2004. It was served with plaintiff's Opposition to defendants' Special Motion to Dismiss on the same day, February 27, 2004. Plaintiff's counsel did not seek or obtain the consent of defense counsel to communicate with Principal Day. Therefore, such communication was prohibited under Rule 4.2 of the Massachusetts Rules of Professional Conduct.

WHEREFORE, the defendants request that this Court strike Principal Day's Affidavit and disregard it when the Court considers and rules on defendants' Special

Motion to Dismiss.

The Defendants,

CITY OF ATTLEBORO,
ATTLEBORO POLICE DEPARTMENT,
CHIEF RICHARD PIERCE,
CAPTAIN GEORGE BUSSIERE,
OFFICER MICHAEL McDONNELL (in his official capacity only) and OFFICER THOMAS WELLMAN,

By their attorneys,

John J. Davis, BBO #115890
**PIERCE, DAVIS & PERRITANO, LLP**
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: March 12, 2004