UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 12470 MLW

)
ROBERT MUIR,                                                     )
    *Plaintiff*                                              )
                                                                 )
v.                                                               )
                                                                 )
CITY OF ATTLEBORO, ATTLEBORO POLICE                              )
DEAPRTMENT, CHIEF RICHARD PIERCE, in his                         )
Official and individual capacities, LT. GEORGE                   )
BUSSIERE, in his official and individual capacities,             )
OFFICER MICHAEL McDONNELL, in his official and                   )
Individual capacities, and OFFICER THOMAS                        )
WELLMAN, in his official and individual capacities,              )
    *Defendants*                                            )
_____)

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE AFFIDAVIT OF SYLVIA J. DAY SUBMITTED IN OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO DISMISS

Plaintiff's underlying complaint is a malicious prosecution case[1] in which Robert Muir, a former fourth grade teacher at the Studley Elementary School, claims that the defendants, the City of Attleboro and the Attleboro Police Department (including four individual officers), without probable cause filed an application for a criminal complaint for assault and battery against him after he broke up a schoolyard fight involving a defendant police officer's twelve year old son. The incident was investigated by the school department and also the Massachusetts Department of Education (DOE) which not only exonerated Mr. Muir, but produced numerous facts and witness statements from students and employees of the Attleboro school system. These facts supported plaintiff's reasons for initiating a civil lawsuit.

After filing his complaint on December 8, 2003, plaintiff's counsel interviewed ex parte two witnesses and current employees of the Studley Elementary School: Principal Sylvia Day and Nurse Debra Maynard. Sylvia Day did not play any role in any of the defendants' decisions challenged in this case or exercised management authority with respect to any of those decisions. Plaintiff does not allege that Sylvia Day did anything wrong or illegal. Sylvia Day did not possess the authority to commit the defendants to a position regarding the subject matter of the representation.

On or about March 12, 2004, defendants moved to strike the affidavit of Sylvia Day on the grounds that it was obtained through "prohibited ex parte communications with defendant's present employee." (Defendants' Motion to Strike, P.2) Defendants claim that plaintiff's counsel violated Rule 4.2 of the Massachusetts Rules of Professional Conduct. Sylvia Day's affidavit was primarily based on her prior statements made to school officials and the DOE. They were obtained ethically and in good faith. Moreover, her employment with the city's school system falls outside the rule's scope with respect to its application to organizational adversaries. Therefore, defendants' motion to strike the affidavit of Sylvia Day should be denied.

In their motion, defendants attempt to base their argument on Messing, Rudavsky & Weliky, P.C. v. President & Fellows of Harvard College, 436 Mass. 347, 356-358 (2002). However, defendants neglected to state the actual rule announced by the SJC in Messing. Instead, defendants chose only to state the purpose to rule 4.2 which does little to examine the rule's application to the present facts, and support their very serious charge of wrongdoing by plaintiff's counsel by violating a rule of professional conduct. The SJC's interpretation of rule

---

[1] Plaintiff maintains VIII state and federal law claims against defendants arising out of an incident that occurred at the Studley Elementary School on January 6, 2003.

2

4.2 in <u>Messing</u> with respect to a represented organization clearly exempts Sylvia Day from the rule's scope.

Rule 4.2 of the Massachusetts Rules of Professional Conduct states:

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Comment to rule 4.2 provides guidance in the case of a represented organization:

In the case of an organization, the Rule prohibits communications by a lawyer for another party or entity concerning the matter in representation only with those agents or employees who exercise managerial responsibility in the matter, who are alleged to have committed the wrongful act at issue in the litigation, or who have authority on behalf of the organization to make decisions about the course of the litigation.

In <u>Messing</u>, the SJC considered the extent to which the no-contact rule permits ex parte communications between an opposing attorney and the current employees of an organization represented by counsel. "Because an organization acts only through its employees, the rule must extend to some of these employees." <u>Messing, Rudavsky & Weliky, P.C. v. President & Fellows of Harvard College</u>, 436 Mass. 347, 354-355 (2002).

"We interpret the rule to ban contact only with those employees who have the authority to 'commit the organization to a position regarding the subject matter of representation.'" <u>Id</u>. Sylvia Day, as the Principal of the Studley Elementary School in the City of Attleboro, had no authority to commit the City or its Police Department to any position regarding their decision to maliciously prosecute Mr. Muir. Principal Day has no authority to make decisions about the course of the litigation. She is not a city official or a commanding officer of the Attleboro Police Department. She has no power to make admissions on the part of the Police or the City with respect to any of the actions taken against Mr. Muir. Principal Day does not run the police

3

department from her Studley School office. Principal Day is not the chief of police or a commanding officer who exercises supervisory authority over other officers.

"The purposes of the rule are best served when it prohibits communication with those employees closely identified with the organization in the dispute. The interests of the organization are adequately protected by preventing contact with those employees empowered to make litigation decisions, and those employees whose actions or omissions are at issue in this case. Id.

"The test we adopt protects an organizational party against improper advances and influence by an attorney, while still promoting access to relevant facts." Id.

Even if Sylvia Day had managerial responsibility, the comment adds the requirement that the managerial responsibility be "in regard to the subject of the representation." Mass. R. Prof. C. 4.2 comment [4]. Principal Day did not have supervisory authority over the events at issue in the litigation. There is no evidence that any of her daily decisions as Principal of the Studley Elementary School are a subject of the litigation here. Sylvia Day was a witness to the events that occurred, not an active participant or undercover police officer. Therefore, rule 4.2 did not prohibit plaintiff's counsel from contacting and interviewing Principal Sylvia Day.

**WHEREFORE**, the plaintiff requests this Court to deny defendants' Motion to Strike Principal Day's Affidavit. Plaintiff further requests costs and attorneys fees in defending Defendants' Motion to Strike.

Respectfully submitted,
ROBERT MUIR
By his Attorneys

Cristina Azzinaro, Esq.
275 Martine Street, Suite 206
Fall River, MA 02723
Tel. (508) 837-6464
BBO No. 653 953

4

*/s/ Brenda L. Panaggio*
Brenda L. Panaggio, Esq.
275 Martine Street, Suite 206
Fall River, MA 02723
Tel. (508) 679-2295
BBO No. 754 602

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon John Davis, Esq. at Pierce Davis & Perrittano, LLP at Ten Winthrop Square, Boston, MA 02110 and Gerard S. McAuliffe, Esq. at 43 Quincy Avenue, Quincy, MA 02169 the attorney of record for each other party by mail on this 26th day of March, 2004.

*/s/ Brenda L. Panaggio*