UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 12470 MLW

ROBERT MUIR,
    Plaintiff,

v.

CITY OF ATTLEBORO, ATTLEBORO POLICE
DEPARTMENT, CHIEF RICHARD PIERCE, in his
official and individual capacities, LT. GEORGE
BUSSIERE, in his official and individual capacities,
OFFICER MICHAEL McDONNELL, in his official and
individual capacities, and OFFICER THOMAS
WELLMAN, in his official and individual capacities,
    Defendants.

## ANSWER OF DEFENDANTS[1] TO COUNTS I THROUGH VII OF PLAINTIFF'S COMPLAINT, AND JURY DEMAND

### FIRST DEFENSE

Counts I through VII of the plaintiff's Complaint fail to state claims against the defendants upon which relief can be granted.

### SECOND DEFENSE

Counts I through VII of the plaintiff's Complaint fail to state claims against the defendants upon which relief can be granted in that the defendants have no obligation to pay the plaintiff any amount of the loss or damages alleged.

### THIRD DEFENSE

The defendants hereby respond to the allegations contained in the plaintiff's Complaint, paragraph by paragraph, as follows:

---

[1] With respect to the defendant, Officer Michael McDonnell, this Answer is filed in his official capacity only.

## Jurisdiction

1. - 7. The defendants hereby repeat and incorporate by reference their responses to Paragraphs 1 through 7 set forth in their Answer to Count VIII of Plaintiff's Complaint.

## Count I – Malicious Prosecution

8. - 31. The defendants hereby repeat and incorporate by reference their responses to Paragraphs 8 through 31 set forth in their Answer to Count VIII of Plaintiff's Complaint.

## Count II - Abuse of Process

32. - 38. The defendants hereby repeat and incorporate by reference their responses to Paragraphs 8 through 31 set forth in their Answer to Count VIII of Plaintiff's Complaint.

## Count III - Intentional Infliction of Emotional Distress

39. - 43. The defendants hereby repeat and incorporate by reference their responses to Paragraphs 39 through 43 set forth in their Answer to Count VIII of Plaintiff's Complaint.

## Count IV – Negligent Infliction of Emotional Distress

44. - 48. The defendants hereby repeat and incorporate by reference their responses to Paragraphs 44 through 48 set forth in their Answer to Count VIII of Plaintiff's Complaint.

## Count V – Negligence

49. - 52. The defendants hereby repeat and incorporate by reference their responses to Paragraphs 49 through 52 set forth in their Answer to Count VIII of Plaintiff's Complaint.

## Count VI – Negligent Supervision and Training

53. - 57. The defendants hereby repeat and incorporate by reference their responses to Paragraphs 53 through 57 set forth in their Answer to Count VIII of Plaintiff's Complaint.

### Count VII – Massachusetts Civil Rights Act

58. - 61. The defendants hereby repeat and incorporate by reference their responses to Paragraphs 8 through 31 set forth in their Answer to Count VIII of Plaintiff's Complaint.

### Count VIII – 42 U.S.C. § 1983

See Answer of Defendants to Count VIII of Plaintiff's Complaint.

**FOURTH DEFENSE**

Counts I through VII of plaintiff's Complaint are barred on the grounds that plaintiff seeks therein to hold the defendants liable for petitioning activities in violation of the Massachusetts Anti-SLAPP Statute, M.G.L. c. 231, § 59H. The defendants are immune from such liability under Massachusetts law. Moreover, the defendants demand recovery from the plaintiff for all costs and attorney's fees incurred in the defense of this action under M.G.L. c. 231, § 59H.

**FIFTH DEFENSE**

The defendants, the City of Attleboro, the Attleboro Police Department and the individuals sued in their official capacities, are immune from liability for intentional torts under M.G.L. c. 258, § 10(c). Therefore, Counts I, II and III of plaintiff's Complaint are barred.

**SIXTH DEFENSE**

The defendants, the City of Attleboro, the Attleboro Police Department and the individuals sued in their official capacities, are immune from liability for negligence under M.G.L. c. 258, § 10(b). Therefore, Counts IV, V and VI of plaintiff's Complaint are barred.

**SEVENTH DEFENSE**

The defendants, the City of Attleboro, the Attleboro Police Department and the individuals sued in their official capacities, are immune from liability for negligence under M.G.L. c. 258, § 10(h). Therefore, Counts IV, V and VI of plaintiff's Complaint are barred.

**EIGHTH DEFENSE**

The defendants, the City of Attleboro, the Attleboro Police Department and the

individuals sued in their official capacities, are immune from liability for negligence under M.G.L. c. 258, § 10(j). Therefore, Counts IV, V and VI of plaintiff's Complaint are barred.

### NINTH DEFENSE

The defendants, Chief Pierce, Lt. Bussiere and Officer Wellman, are immune from liability for negligence under M.G.L. c. 258, § 2, to the extent they are sued in their individual capacities. Therefore, Counts IV, V and VI of plaintiff's Complaint are barred as against them.

### TENTH DEFENSE

The plaintiff failed to make adequate presentment of his claims in that his so-called presentment letter cites M.G.L. c. 30, § 507, and states no claim or theory of negligent supervision or training whatsoever. Timely presentment of a claim is a condition precedent to recovery in tort against the defendants. M.G.L. c. 258, § 4. Therefore, plaintiff's recovery is barred.

### ELEVENTH DEFENSE

The plaintiff fails to allege compliance with the presentment requirement under M.G.L. c. 258, § 4, which is a condition precedent to recovery in tort against the defendant. Therefore, plaintiff's tort claims should be dismissed. Fed. R. Civ. P. 9(c).

### TWELFTH DEFENSE

To the extent the co-defendant, Michael McDonnell, engaged in any misconduct (which the defendants deny), he was acting outside the scope of his employment at the time of such misconduct and, therefore, the defendants cannot be held liable.

### THIRTEENTH DEFENSE

The plaintiff's recovery, if any, is limited pursuant to the provisions of M.G.L. c. 258, § 2. Therefore, plaintiff cannot recover interest or punitive damages from the defendants, nor can he recover damages in excess of $100,000.

### FOURTEENTH DEFENSE

The plaintiff was guilty of comparative negligence and, therefore, he cannot recover from the defendants; alternatively, his recovery must be diminished in proportion to his own negligence.

### FIFTEENTH DEFENSE

The plaintiff's injuries and damages were caused by someone for whose conduct the defendants cannot be held responsible or liable.

### SIXTEENTH DEFENSE

The defendants state that their actions and conduct were protected by law and/or legal process and, therefore, the plaintiff cannot recover.

### SEVENTEENTH DEFENSE

The defendant, Attleboro Police Department, is not a separate legal entity subject to suit and, therefore, plaintiff's Complaint against the Attleboro Police Department must be dismissed due to misnomer, insufficiency of process and insufficiency of service of process.

### EIGHTEENTH DEFENSE

The defendants, the City of Attleboro, the Attleboro Police Department and the individuals sued in their official capacities, cannot be held liable under the Massachusetts Civil Rights Act and, therefore, Count VII must be dismissed as against them. Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 591-92 (2001).

### NINETEENTH DEFENSE

The plaintiff fails to plead any facts sufficient to demonstrate that defendants' alleged interference or attempted interference with his Constitutional or statutory rights was accompanied by threats, interference or coercion and, therefore, the plaintiff cannot recover under Count VII.

### TWENTIETH DEFENSE

The plaintiff fails to allege or identify any rights secured by the Constitutions or laws of United States or Massachusetts with which the defendants allegedly interfered or attempted to interfere and, therefore, the plaintiff cannot recover under Count VII..

### TWENTY-FIRST DEFENSE

The defendants did not deprive the plaintiff of any rights secured by the Constitution or by the laws of the United States and, therefore, the plaintiff cannot recover. In the alternative, if the defendants deprived the plaintiff of any Constitutional or statutory rights, such rights were not clearly-established at the time of the alleged

deprivation.

## TWENTY-SECOND DEFENSE

Defendants' alleged interference or attempted interference with plaintiff's Constitutional or statutory rights did not arise in the context of an actual or potential physical confrontation. Therefore, the plaintiff cannot recovery under Count VII.

## TWENTY-THIRD DEFENSE

Defendants' conduct constituted an "administrative action" for which the plaintiff cannot recover under Count VII. Murphy v. Town of Duxbury, 40 Mass. App. Ct. 513, 518 (1996).

## TWENTY-FOURTH DEFENSE

Defendant's use of lawful means to achieve an intended result is not actionable under the Massachusetts Civil Rights Act. Sena v. Commonwealth, 417 Mass. 250 (1994). Therefore, Count VII of plaintiff's Complaint must be dismissed.

## TWENTY-FIFTH DEFENSE

The defendants are entitled to absolute immunity.

## TWENTY-SIXTH DEFENSE

The defendants are entitled to qualified immunity.

## TWENTY-SEVENTH DEFENSE

The defendants' acts or omissions were privileged.

## JURY DEMAND

The defendants demand a trial by jury on all issues so-triable.

                    The Defendants,
                    CITY OF ATTLEBORO,
                    ATTLEBORO POLICE DEPARTMENT,
                    CHIEF RICHARD PIERCE,
                    CAPTAIN GEORGE BUSSIERE,
                    OFFICER MICHAEL McDONNELL,[2]
                    and OFFICER THOMAS WELLMAN,

                    By their attorneys,

                    _____
                    John J. Davis, BBO #115890
                    **PIERCE, DAVIS & PERRITANO, LLP**
                    Ten Winthrop Square
                    Boston, MA 02110
                    (617) 350-0950

*[Handwritten certification stamp: "I certify that a true copy of the above document was served upon the attorney of record for each other party" with signature and date 4/12/04]*

---

[2] In his official capacity only.

## PIERCE, DAVIS & PERRITANO, LLP
### COUNSELLORS AT LAW

| | | |
|---|---|---|
| Joel F. Pierce | TEN WINTHROP SQUARE | Brian D. Carlson † |
| John J. Davis* | BOSTON, MA 02110-1257 | Sean T. Delaney |
| Judith A. Perritano | | Meredith P. Freed |
| John J. Cloherty III* | TELEPHONE (617) 350-0950 | David C. Hunter † |
| | FACSIMILE (617) 350-7760 | Danielle T. Jenkins* |
| | | Maureen L. Pomeroy |
| Of counsel: | | Daniel G. Skrip♦ |
| Gerald Fabiano | | |
| | | *also admitted in RI |
| | | ♦also admitted in PA |
| | | †also admitted in NY |

April 12, 2004

Clerk of Court
U.S.D.C.
1 Courthouse Way
Boston, MA 02210

RE:  Robert Muir v. City of Attleboro, et al.
     U.S.D.C., Civil Action No.: 03 12470 MLW
     Our File No.: 164-0402165

Dear Sir/Madam:

Enclosed for filing in the above-reference matter, please find the following document:

**ANSWER OF DEFENDANTS TO COUNTS I THROUGH VII OF PLAINTIFF'S COMPLAINT, AND JURY DEMAND.**

Thank you for your courtesy.

Very truly yours,

PIERCE, DAVIS & PERRITANO, LLP

John J. Davis

Enclosure

cc:  Cristina Azzinaro, Esq.
     Brenda L. Panaggio, Esq.
     Gerald S. McAuliffe, Esq.