UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03 12470 MLW

| | |
|---|---|
| ROBERT MUIR,<br>    Plaintiff,<br><br>v.<br><br>CITY OF ATTLEBORO, ATTLEBORO POLICE DEPARTMENT, CHIEF RICHARD PIERCE, in his official and individual capacities, LT. GEORGE BUSSIERE, in his official and individual capacities, OFFICER MICHAEL McDONNELL, in his official and individual capacities, and OFFICER THOMAS WELLMAN, in his official and individual capacities,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF JOHN J. DAVIS**

Pursuant to the Court's Order dated November 9, 2004, I, John J. Davis, hereby depose and aver as follows:

1. I am an attorney in good standing licensed to practice law in the Commonwealth of Massachusetts, in the State of Rhode Island and in the United States District Court for the District of Massachusetts. I am a partner in the law firm of Pierce, Davis & Perritano, LLP, Ten Winthrop Square, Boston, MA 02110.

2. In January, 2004, I was retained by the insurer for the City of Attleboro to defend the City, the Attleboro Police Department, Chief Pierce, Lt. Bussiere, Officer Wellman and Officer McDonnell (in his official capacity only) as defendants in the above-captioned matter. I subsequently held conferences with my clients in accordance with Local Rule 16.1(D)(3) prior to filing the requisite Certificates with the Court, prepared and filed an Answer to Count VIII of

plaintiff's Complaint (asserted under 42 U.S.C. § 1983), and, after unsuccessfully moving to dismiss plaintiffs' state law claims pursuant to M.G.L. c. 231, § 59H (the Massachusetts Anti-SLAPP Statute), prepared and filed an Answer to Counts I through VII of plaintiff's Complaint.

3. In July, 2004, my firm, Pierce, Davis & Perritano, LLP, hired a new attorney, Robert Ludlum, to work as a full-time associate. Mr. Ludlum had participated in over 30 jury trials as an attorney prior to joining our firm. On July 6, 2004, after Mr. Ludlum began his employment at the firm, I assigned Mr. Ludlum to work with me on the defense of the <u>Muir</u> case under my guidance and supervision. I nevertheless retained overall responsibility for the file and will (if necessary) defend the case at trial on behalf of our clients.

4. On or about April 5, 2004, I received a Notice of Scheduling Conference from the Court advising that the initial scheduling conference in this matter would be held on June 9, 2004. This conference was subsequently postponed and did not go forward.

5. On or about September 29, 2004, I received a second Notice from the Court advising that the initial scheduling conference had been rescheduled for November 9, 2004. I noted this date in my diary and requested Mr. Ludlum to do the same.

6. Shortly before November 9, 2004, I discussed the initial scheduling conference with Mr. Ludlum, including the Joint Statement agreed to by the parties, the proposed pretrial schedule, and the other matters to be addressed by the Court at the scheduling conference. Based on my conversations with Mr. Ludlum, I was satisfied that he was familiar and well-versed with the facts and issues raised in this case, and with the positions of our clients. I accordingly instructed Mr. Ludlum to attend the upcoming scheduling conference on behalf of the defendants.

7. The April 5, 2004 Notice of Scheduling Conference expressly states that "[t]he court considers attendance of the senior lawyers ultimately responsible for the case . . . to be of the utmost importance." Due to my inadvertence and oversight, however, I failed to recall or make note of this language before instructing Mr. Ludlum to attend the November 9, 2004 scheduling conference in my place.

8. At the time of the initial scheduling conference was held on November 9, 2004, I was in my office preparing for a jury trial to be held in another matter, Pasquale v. Reading Municipal Light Department, Middlesex Super. Ct., C.A. No. 2003-1309. That trial is not imminent – it is scheduled to begin on Monday, November 29, 2004 – and expected to last approximately eight (8) days. I do not offer this information as an excuse, but only to advise the Court of my whereabouts and activities at the time of the conference. Upon my information and belief, Mr. Ludlum was not aware of the precise trial date for the Pasquale matter at the time he attended the conference. Mr. Ludlum is not involved in the Pasquale case.

9. I apologize for my failure to attend the initial scheduling conference held on November 9, 2004, and for any inconvenience caused to the Court, the other parties or their attorneys. I meant no disrespect to the Court, or to the other parties or their attorneys, by instructing Mr. Ludlum to attend the conference in my place. I am aware of the importance of an initial scheduling conference to the planning and progress of a civil action, and do not take the provisions of Fed. R. Civ. P. 16(f) and Local Rule 16.1 lightly. My error will not be repeated.

10. I request that the Court accept the above as a showing of good cause for why sanctions should not issue pursuant to Fed. R. Civ. P 16(f). I did not, by any means, intend to

violate an Order of this Court. If the Court should nonetheless deem sanctions appropriate, I request that the same be issued only as against me personally and not as against my clients.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12th DAY OF NOVEMBER, 2004.

_____
John J. Davis

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail ~~(by hand) on~~ e-file on 11/11/04.